TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

Attorneys for Plaintiff
*Tiffany Anne Nicholson*

FILED
DISTRICT COURT OF GUAM

SEP 28 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

TIFFANY ANNE NICHOLSON,          )    CIVIL CASE NO. CV 06-00027
                                 )
            Plaintiff,           )
                                 )
      vs.                        )    **COMPLAINT**
                                 )
HYANNIS AIR SERVICE, INC.        )
d.b.a. CAPE AIR,                 )
                                 )
            Defendant.           )

----------

1. This Court has jurisdiction of this action pursuant to 28 USC §1331. (Federal Question).

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Equitable and other relief is sought under 42 U.S.C. §2000e et seq.

3. This Court has subject matter jurisdiction of this action under Title VII and 42 U.S.C. §2000e et seq. and the court may exercise supplemental jurisdiction of all related territorial based claims.

ORIGINAL

4. Plaintiff has complied with all conditions precedent to maintain an action under Title VII and 42 USCA §2000e et seq, to wit:

    a. A charge of employment discrimination was timely filed with the Equal Employment Opportunity Commission within 180 days of the commission of the unfair employment practice;

    b. A Notification of Right to Sue was received from the Equal Employment Opportunity Commission on June 30, 2006;

    c. This complaint has been filed within ninety (90) days of receipt of the Notification of Right to Sue.

5. Plaintiff Tiffany Anne Nicholson, is a female citizen of the United States and at all times relevant herein resided in Guam.

6. Upon information and belief, Defendant Hyannis Air Service, Inc., is a corporation incorporated under the laws of the State of Massachusetts and is qualified to do business in the territory of Guam and is doing business in Guam as Cape Air.

7. The unlawful employment practices alleged herein were committed within the territory of Guam.

8. Plaintiff has been discriminated against in ways that deprive and tend to deprive her of equal employment opportunities and otherwise adversely affected her status as an employee because she is female.

9. In June 2000 plaintiff was employed by Defendant as a pilot and earned a transport pilot's certificate from the Federal Aviation Authority.

10. In June 2004 Plaintiff was transferred to Guam by Defendant and began working as a Captain and First Officer in an all male pilot environment.

11. Other pilots transferred to Guam in or about the same time as Plaintiff underwent simulator training beforehand to establish their competence to fly Cape Air's aircraft on Guam. Male pilots who failed to adequately complete training initially were given additional opportunities to pass their required training.

12. Pilots who had problems in the field with the operation of the aircraft or fulfillment of their duties were routinely given additional training to improve their skills and maintain their jobs.

13. Plaintiff successfully completed her training and was rated as a good Captain with strong crew resource management skills.

14. During her employment on Guam Plaintiff often questioned her pay rate since she was not always paid a Captain's wage when she flew as a First Officer, contrary to how other male pilots were treated and what she was promised upon taking the job in Guam.

15. Within weeks of her employment on Guam flying Defendant's ATR-42 airplanes, Defendant, through its management, supervisors and employees commenced a continual course of illegal conduct in which it harassed Plaintiff and falsely accused her of unsafe flying skills and insubordination because of her sex.

16. The illegal harassment and unsubstantiated charges against plaintiff's ability, made on account of her sex, was designed to discredit Plaintiff's competence as a pilot and oust her from her employment with Defendant.

17. Defendant's management, agents and employees knew that the claims against Plaintiff's abilities were false and her immediate supervisor, Russell Price, failed to properly address them to prevent unlawful harassment of Plaintiff, and instead participated and furthered the unlawful harassment and employment practices of Defendant.

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

Case 1:06-cv-00027   Document 1   Filed 09/28/2006   Page 3 of 5

18. Defendant's Guam management and employees knew the unsafe flying and inadequate crew resource management claims against Plaintiff were false and even let Plaintiff fly aircraft after the claims were asserted against her.

19. Nonetheless, on or about September 10, 2005 Plaintiff was summoned to Defendant's home office in Massachusetts to address the charges against her. The illegal discriminatory conduct Plaintiff was subjected to in Guam was condoned by the Defendant who failed to adequately investigate the veracity of the claims and claimants or allow Plaintiff to refute the charges which were contrary to her employment history, the facts, her performance and abilities.

20. Furthermore, Defendant failed to follow its pattern and practice of having pilots undergo additional training to address their shortcoming in the cockpit. Defendant refused to offer or allow Plaintiff to undergo further training to address its concerns as it routinely did with male pilots, instead, giving her options which were not warranted under the circumstances and then choosing to wrongfully terminate her thereby severely impacting her flying career.

21. Plaintiff sought a formal review under the Defendant's handbook employment guidelines regarding her continued employment but Defendant's review was perfunctory and in violation of its own company policies.

22. Defendant, its agents, servants or employees, by their conduct alleged herein, intentionally, willfully, and without justification deprived plaintiff of her rights, privileges and immunities secured by the Constitution and laws of the United States and the territory of Guam, particularly the right as a female to be free of unlawful discrimination and harassment in her employment.

23. Plaintiff has suffered damages in an amount to be proved at trial for lost wages, benefits and any and all compensatory and punitive damages allowed by law and equity.

WHEREFORE, Plaintiff requests that the Court:

1. Order the Defendant to reinstate Plaintiff in an employment position comparable or the same to that she held prior to discharge and at the same salary but under the supervision of someone other than Russell Price.

2. Award Plaintiff compensation for back wages at a Captain's rate of pay from the date of her discharge together with general damages in the amount of $500,000;

3. Award Plaintiff punitive damages in the amount of $1,500,000;

4. Award Plaintiff her reasonable attorney's fees;

5. Award Plaintiff her costs and disbursements; and

6. Grant Plaintiff all other relief that is just and proper.

Dated at Hagåtña, Guam on this 28th day of September, 2006.

**TEKER TORRES & TEKER, P.C.**

By _____
LAWRENCE J. TEKER, ESQ.
Attorneys for Plaintiff, *Tiffany Anne Nicholson*

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

**TEKER TORRES & TEKER, P.C.**

By _____
LAWRENCE J. TEKER, ESQ.
Attorneys for Plaintiff, *Tiffany Anne Nicholson*