CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Hyannis Air Service, Inc. dba Cape Air



FILED
DISTRICT COURT OF GUAM
NOV -2 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TIFFANY ANNE NICHOLSON,<br><br>        Plaintiff,<br><br>vs.<br><br>HYANNIS AIR SERVICE, INC.<br>dba CAPE AIR,<br><br>        Defendant. | CIVIL CASE NO. CV06-00027<br><br>**DEFENDANT HYANNIS AIR SERVICE, INC. DBA CAPE AIR'S ANSWER TO PLAINTIFF TIFFANY ANNE NICHOLSON'S COMPLAINT; DECLARATION OF SERVICE** |

        Defendant Hyannis Air Service, Inc. dba Cape Air responds to Plaintiff Tiffany Anne Nicholson's Complaint as follows:

        1.     Defendant admits that this Court has federal question jurisdiction over valid claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended.

        2.     Defendant denies that Plaintiff has stated a claim under Title VII of the Civil Rights Act of 1964 so as to entitle her to equitable or other relief.

        3.     Defendant admits that the Court has subject matter jurisdiction of this action. Defendant denies all remaining allegations contained in paragraph 3 of the Complaint.

4848-3645-3377.1.000901-00030

4. Defendant denies each and every allegation contained in paragraphs 4 and 4(a) of the Complaint. Defendant is without information or knowledge with regards to the allegations contained in paragraph 4(b) and 4(c) of the Complaint, and therefore denies such allegations.

5. Defendant admits that Plaintiff is a United States citizen and a female. Defendant admits that Plaintiff was a resident in Guam at certain times relevant to the Complaint, but denies that she was a resident of Guam at all times relevant to her Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies each and every allegation contained in paragraph 7 of the Complaint.

8. Defendant denies each and every allegation contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies each and every allegation contained in paragraph 10 of the Complaint.

11. Defendant admits that it made additional training available to all pilots, regardless of their gender or sex, who encountered difficulty in complying with Defendant's standards. Defendant denies all remaining allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies each and every allegation contained in paragraph 13 of the Complaint.

14. Defendant denies each and every allegation contained in paragraph 14 of the Complaint.

15. Defendant denies each and every allegation contained in paragraph 15 of the Complaint.

16. Defendant denies each and every allegation contained in paragraph 16 of the Complaint.

17. Defendant denies each and every allegation contained in paragraph 17 of the Complaint.

18. Defendant denies each and every allegation contained in paragraph 18 of the Complaint.

19. Defendant denies each and every allegation contained in paragraph 19 of the Complaint.

20. Defendant denies each and every allegation contained in paragraph 20 of the Complaint.

21. Defendant denies each and every allegation contained in paragraph 21 of the Complaint.

22. Defendant denies each and every allegation contained in paragraph 22 of the Complaint.

23. Defendant denies each and every allegation contained in paragraph 23 of the Complaint.

**Defenses**

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff failed to timely file a charge with the EEOC, thereby barring her Complaint and cause of action under Title VII.

3. Any and all adverse actions taken against Plaintiff were done without regard to Plaintiff's gender or sex and/or for non-discriminatory reasons.

4. Plaintiff was not qualified for her position with Defendant.

5. Plaintiff failed to perform her job and/or to meet her employer's expectations.

6. The Complaint is barred by the applicable statutes of limitations and statutory limitation periods.

7. The Complaint is barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, merger, and laches.

8. Without admitting Plaintiff has been discriminated against or otherwise damaged in any way, Defendants' conduct was, in all respects, legal.

9. Without admitting Plaintiff was discriminated against or damaged by any act of any Defendant, Defendants' actions and decisions were made in good faith and based on legitimate business reasons.

10. Employment decisions concerning Plaintiff were made on the basis of legitimate business reasons.

11. Plaintiff has not been damaged. However, to the extent Plaintiff proves otherwise, Plaintiff has failed to take adequate steps to minimize, reduce or diminish her damages, if any, with respect to the matters alleged in the complaint. Accordingly, Plaintiff is

barred from the recovery of damages or any recovery must be reduced in proportion to the amount attributable to her failure to mitigate her damages.

12. Some or all of the claims for damages are barred because Plaintiff failed to timely or properly exhaust her administrative remedies under Title VII of the Civil Rights Act of 1964.

13. Some or all of the claims for damages are barred in that Plaintiff's exclusive remedy is statutory under Title VII of the Civil Rights Act of 1964, and there is no common law remedy or other statutory remedy available to Plaintiff.

14. The loss, if any, allegedly sustained by Plaintiff was proximately caused or contributed to by the negligence, improper conduct or intervening acts of Plaintiff or other individuals or entities. Defendants are not legally responsible for any damages claimed by Plaintiff. If, however, any Defendant is found to be legally responsible, such Defendant's respective legal responsibilities are not the sole and proximate cause of any injury, and damages awarded to Plaintiff, if any, should be apportioned according to the respective fault and legal responsibility of all parties, persons and entities, and/or the agents, servants and employees who contributed to and/or caused said incidents according to proof presented at the time of trial.

15. Under the applicable law and the facts of this case, Plaintiff is not entitled to punitive damages. Moreover, punitive damages such as those claimed by Plaintiff are unconstitutional under the United States Constitution.

16. The Complaint, and each cause of action contained therein, fails to allege any facts or any legal theory sufficient to entitle Plaintiff to recover attorneys' fees in this action.

17. Plaintiff's claims are barred because plaintiff was an at-will employee.

18. Defendants currently have insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendants, therefore, reserve the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE Defendant prays:

1. That the Complaint be dismissed with prejudice;

2. That Defendant be awarded its attorneys' fees and costs;

3. For such other and further relief as the Court deems just and proper.

DATED: Hagåtña, Guam, November 2, 2006.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Attorneys for Defendant
Hyannis Air Service, Inc. dba Cape Air

## DECLARATION OF SERVICE

I, David Ledger, declare that on the 2nd day of November 2006, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANT HYANNIS AIR SERVICE, INC. dba CAPE AIR'S ANSWER TO PLAINTIFF TIFFANY ANNE NICHOLSON'S COMPLAINT upon the following Counsel of record:

> Lawrence J. Teker, Esq.
> Teker Torres & Teker, P.C.
> Suite 2A, 130 Aspinall Avenue
> Hagåtña, Guam 96910

Executed this 2nd day of November 2006 at Hagåtña, Guam.

_____
DAVID LEDGER