**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

Attorneys for Plaintiff
*Tiffany Anne Nicholson*



**FILED**
DISTRICT COURT OF GUAM

APR 11 2007

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| TIFFANY ANNE NICHOLSON, | ) | CIVIL CASE NO. CV 06-00027 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF'S MOTION FOR LEAVE** |
| | ) | **TO EXCEED DISCOVERY LIMITS** |
| HYANNIS AIR SERVICE, INC. | ) | |
| d.b.a. CAPE AIR, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Tiffany Nicholson ("Nicholson") files this Motion for Leave to Exceed Discovery Limits and would respectfully show the Court as follows:

## I. FACTUAL BACKGROUND

On September 28, 2006, Nicholson filed her complaint in the District Court of Guam against Defendant Hyannis Air Service, Inc. d.b.a. Cape Air ("Cape Air"). Nicholson is a pilot who began her employment with Cape Air in 2000. In 2004, Nicholson was transferred to Guam to fly routes between Guam, Rota and Saipan. Nicholson alleges that Cape Air engaged in unlawful employment practices and discriminated against her because she is female. Cape Air, through its management, supervisors and employees, commenced a continual course of illegal conduct in which it harassed Nicholson. Cape Air's

**ORIGINAL**

management, agents and employees knew of the harassment and failed to take any action to stop the unlawful behavior and instead wrongfully terminated Nicholson. Cape Air and its corporate offices and employees are located in Massachusetts. The pilots who worked along side Nicholson in Guam are now located throughout the United States, Indonesia, Puerto Rico and elsewhere.

In order to pursue her claims against Cape Air it is necessary to inquire into Cape Air's corporate structure, employment policies and practices, as well as learn the identity of all employees involved in creating and implementing policies and those who had a hand in the decision to wrongfully and illegally terminate Nicholson. Moreover, Nicholson must be able to uncover the actions of other employees who may have been involved in perpetrating this systemic policy of discrimination and/or been victims of it themselves.

## II.    ARGUMENTS AND AUTHORITIES

Pursuant to Local Rule 33.1, the parties are both currently limited to twenty-five (25) interrogatories and twenty-five (25) requests for admissions.[1]  As previously stated, this is a case involving sex discrimination and wrongful termination filed against the Defendant pursuant to Title VII. Based upon the information available to date, there are numerous individuals who witnessed the treatment of Nicholson by Cape Air who are located at both the corporate office in Massachusetts and in other locations throughout the United States. Currently, there are 12 depositions scheduled to occur in Massachusetts. Some of these depositions may be easily avoided as the information needed from these witnesses may simply be gained from answering additional interrogatories. Being limited to 25 interrogatories will deprive Nicholson of the opportunity to discover information crucial to the prosecution of her claims. Nicholson must be able to inquire into Cape Air's corporate structure and

---

[1] District Court of Guam, Local Rule 33.1(a). Local Rule 33.1(a) provides:

No party shall serve more than one set of interrogatories or requests for admission on any other party without leave of court. Interrogatories or requests for admissions shall not exceed twenty-five (25) in number, counting any subparts or subquestions as individual questions. …Any party desiring to serve additional interrogatories shall submit to the Court a written memorandum setting forth the proposed additional interrogatories or requests for admissions and reasons establishing good cause for their use.

corporate polices and implementation of those policies as it relates to their employment practices and illegal decision to terminate Nicholson.

In order to permit a fair and reasonable inquiry into these areas, Nicholson should be permitted to serve an additional 70 interrogatories. Nicholson, for good cause, seeks permission to exceed Local Rule 33.1's discovery limits to allow full, comprehensive discovery as requested above.

The additional discovery will not result in undue delay or prejudice to Cape Air because discovery is currently in its initial stages. In fact, allowing additional discovery serves the sound principles of judicial economy and will allow the parties to narrow the scope of their claims and to better define and hone the issues without having excessive court involvement. Simply stated, thorough, comprehensive discovery serves the best interest of the Court and all parties involved in this case.

The proposed set of additional interrogatories contain many questions regarding the corporate structure and policies and procedures employed by the corporation. If permitted to serve the additional interrogatories, both Nicholson and Cape Air might well avoid incurring significant expenses in taking numerous depositions that may not be necessary or may be limited in scope based upon Cape Air's responses.

Therefore, Nicholson respectfully requests that her Motion for Leave to Exceed Discovery Limits be granted.

*Respectfully submitted* this ___11th___ day of April, 2007.

TEKER TORRES & TEKER, P.C.

By _____
PHILLIP TORRES, ESQ.
Attorneys for Plaintiff, *Tiffany Anne Nicholson*

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

Attorneys for Plaintiff
*Tiffany Anne Nicholson*

## IN THE DISTRICT COURT OF GUAM

----------

| | | |
|---|---|---|
| TIFFANY ANNE NICHOLSON, | ) | CIVIL CASE NO. CV 06-00027 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF'S SECOND SET** |
| | ) | **OF INTERROGATORIES** |
| HYANNIS AIR SERVICE, INC. | ) | **TO DEFENDANT** |
| d.b.a. CAPE AIR, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**To: Defendant, HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR, and their attorneys of record, CARLSMITH BALL LLP.**

COMES NOW, Plaintiff, TIFFANY ANNE NICHOLSON, by and through her counsel of record, Phillip Torres, Esq., of the law offices of Teker Torres & Teker, P.C., and hereby request that Defendant, HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR, answer the following interrogatories, under oath within thirty (30) days from the date of service thereof pursuant to Rule 33 of the Federal Rules of Civil Procedure.

–1–

## INSTRUCTIONS

1.      All information to be divulged which is in the possession of Defendant, its attorneys, investigators, agents, employees or other representatives.

2.      These interrogatories are deemed to be continuing in nature and if Defendant or any of Defendants' employees, agents or attorneys discover additional information as to matters inquired into by these interrogatories, between the time the answers are made and the date of trial, supplemental answers shall be made informing Plaintiff and Plaintiff's attorney as to the newly discovered information as provided by Rule 26 of the Rules of Civil Procedure for the Superior Court of Guam.

3.      Where identification of a document is required, you may supply copies of such documents instead of providing the requested identification.

4.      Where you are asked to identify a person, provide all the following information known to you: (a) full name; (b) person's current employer; (c) current job title; (d) current business address and telephone number; and (e) current residential address and telephone number.

5.      Where you are asked to identify a document, provide all of the following information known to you: (a) date it was prepared; (b) the person or persons who prepared the document; (c) the recipient or recipients of the document; (d) current location and custodian of the document; and (e) description of the document's contents.

6.      Separately for each response given to each and every one of these interrogatories, identify the person other than counsel, responsible for providing the information for, or formulating such responses and identify each document relied on in formulating such response.

///

///

## DEFINITIONS

As used throughout these interrogatories:

1.      The term "you" or "your" refers to Defendant HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR and/or its agents or employees.

2.      The term "Defendant" refers to any Defendant named in this action and/or their agents or employees.

3.      The term "Plaintiff" refers to TIFFANY ANNE NICHOLSON, and/or her representatives.

4.      The word "document" means all written and printed material including, without limitation, drafts, original and copies of letters, memoranda, facsimile communications, electronic mail ("e-mail") communications, telegrams, telexes, cables, handwritten notes, pamphlets, reports, records, working papers, agreements, charts, data sheets or any other paper in the possession, custody and control of Defendant, its agents or employees.

5.      The word "identify" when used in connection with a document means to state the type of document (e.g., letter, memorandum, chart, etc.) and its date, author, title, addressee, present location and the custodian thereof.

6.      The word "identify" when used in connection with a person means to state the full name, employer and business title, if any, and the address and telephone number of the business and residence.

7.      As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, department, and other units therein and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust estate, governmental agency, bureau or department.

8.     The term "representative" means any and all agents, employees, servants, or other persons acting or performing an act on behalf of Defendant HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR.

## INTERROGATORIES

**INTERROGATORY NO. 26:**

Please describe in detail the organization chart utilized by Defendant and provide information including, but not limited to, the identity of the author of the document, the name of each department and/or other operative unit included in the chart, the name, address and title of the officer, manager, director or employee in charge of each department and/or operative unit, describe in detail the function of each department and/or unit and provide such persons area of responsibility. As used in this interrogatory, "area of responsibility" means the division, department or operational unit of which the officer is in charge or to which he or she is assigned.

**INTERROGATORY NO. 27:**

State whether the Defendant has submitted any reports to any department and/or agency of the United States Government, and/or the State of Massachusetts and or the Government of Guam that include a gender breakdown of applications for employment and/or employees. If so, state the date on which each such report was submitted, the contents of each such report, and the name and address of the agency to which each such report was submitted. In the alternative you may attach copies of each such report to your answers.

**INTERROGATORY NO. 28:**

State whether the Defendant has instituted an equal employment opportunity program or an affirmative action plan. If so, describe such program in detail and state:

        a.     The name of the plan;

b.    The effective date of the plan;

c.    The reason for the enactment of the plan;

d.    All governmental agencies or departments to which the plan is required by law to be submitted;

e.    Whether the Defendant was required for the time period of January 1, 2000 until June 30, 2006 to maintain records, including a breakdown of employees by gender, and if so, describe and specify each such record, including its date;

f.    Whether the Defendant was required for the time period of January 1, 2000 until June 30, 2006 to maintain records, including a breakdown of employees by age and, if so, describe and specify each such record, including its date; and

g.    The office name, address and title of the person responsible for the administration of the plan during January 1, 2000 until June 30, 2006.

**INTERROGATORY NO. 29:**

State which employees of the Defendant are eligible for the training and/or employment programs set forth in the equal employment opportunity program and/or affirmative action plan utilized by Defendant, if any.

**INTERROGATORY NO. 30:**

Please identify and describe all training programs available to any and all of your employees in any job category and/or pay group that Plaintiff held while employed with Defendant including any job category and/or pay group that Plaintiff applied for as a promotion or transfer at any time during Plaintiffs' employment with Defendant.

/ / /

**INTERROGATORY NO. 31:**

For each job category and/or pay group held by Plaintiff throughout her employment with Defendant state in detail the qualifications and training required for each job category and/or pay group held and identify any document that contains the information requested by this interrogatory.

**INTERROGATORY NO. 32:**

For each job category and /or pay group held by Plaintiff at any time during her employment with Defendant, describe how overtime pay, including the rate of overtime pay, was earned, describe how incentive pay, including the rate of such incentive pay, was earned, describe the procedure by which work is allocated to employees in each job category and/or pay group, describe the procedure by which overtime is allocated to employees in each job category and/or pay group and provide the identity, address, gender and job title of each of Defendants officers, agents and/or employees who allocated the work to employees as described in this interrogatory.

**INTERROGATORY NO. 33:**

State whether your employees are classified and/or categorized according to jobs performed or pay groups within departments or divisions, and if so, identify and list all departments and/or divisions and the job classifications or pay groups within each department or division. If there are no departments or divisions, list all job classifications, pay groups and/or categories utilized by Defendant in setting forth work assignments for your employees.

**INTERROGATORY NO. 34:**

Provide the name, last known address, last known job title, last know telephone number and dates of employment for each and every Equal Employment Opportunity officer employed by the Defendant from January 1, 2000 until the present.

**INTERROGATORY NO. 35:**

For each facility of Defendant located in the territory of Guam, state:

      a.     The name of each job category and/or subcategory from 2004 until the present, indicating the time period in which such categories were in existence;

      b.     All duties performed or responsibilities fulfilled by employees in each job category and/or sub-category.

      c.     The number of male employees and female employees in each job category and/or sub-category as of 2004 to the present, indicating applicable dates of employment for each person identified.

      d.     Identify any documents that contain the information requested by this interrogatory.

**INTERROGATORY NO. 36:**

Please identify all female pilots employed by Defendant who have been employed by you in the territory of Guam either on a temporary and/or permanent basis from 2004 until the present.

**INTERROGATORY NO. 37:**

Please state whether there are any job categories and/or pay groups utilized by Defendant in which a female was never employed. If so, list the job categories and or pay groups identified.

**INTERROGATORY NO. 38:**

Please state whether there are any job categories and/or pay groups utilized by Defendant in which a female has not been employed in the last four years. If so, list the job categories and or pay groups identified.

**INTERROGATORY NO. 39:**

For each job category and/or pay group for which a female has not been employed in the last four

–7–

years, for each person who applied for or was promoted to any job category and pay group identified in your response to interrogatory number 38 please provide:

       (a)    Name

       (b)    Gender

       (c)    Date of each application filed by each applicant

       (d)    Highest level of education of each applicant

       (e)    Previous Work History of each applicant

       (f)    References for each applicant

       (g)    If interviewed, date of interview and name of employee who interviewed applicant;

       (h)    If test administered, results of test; and

       (i)    Reason applicant was not hired

**INTERROGATORY NO 40:**

Please state whether there are any job categories and/or pay groups utilized by Defendant in which a male was never employed. If so, list the job categories and or pay groups identified.

**INTERROGATORY NO. 41:**

Please state whether there are any job categories and/or pay groups utilized by Defendant in which a male has not been employed in the last four years. If so, list the job categories and or pay groups identified.

**INTERROGATORY NO. 42:**

Do you maintain descriptions for all positions or job title with the Defendant? If so, for the position descriptions in effect from January 2000 until the present, state:

       a.    The location and name of the files or records containing the position description; and

       b.    The name, office address and title of the custodian of the files or records set forth in

your answer to subpart (a) of this interrogatory.

**INTERROGATORY NO. 43:**

State the office address of each office at which employee personnel files are maintained and specify the nature and content of the employee personnel files maintained at each such office.

**INTERROGATORY NO. 44:**

List all personnel forms maintained or used for each individual employee for such things as employment history, status transfer, performance evaluations and payroll, setting forth the following for each form:

      a.    The name and form number; and

      b.    A brief description of its contents.

**INTERROGATORY NO. 45:**

Does Defendant maintain a system or procedure for employee performance evaluation? If so, provide separately the following:

      a.    A brief description of the system or procedure;

      b.    The location and name of the files or documents containing a description of the system or procedure;

      c.    The name, office address and title of the custodian of the files or documents set forth in your answer to subpart (b) of this interrogatory;

      d.    A list of the forms by name and number currently used in connection with performance evaluations and whether copies of such forms are placed in the employee's individual personnel file; and

      e.    The date on which the performance evaluation system or procedure described in this

interrogatory went into effect.

**INTERROGATORY NO. 46:**

State whether, from January 2000 until the present, the Defendant has utilized written standards to determine whether employees should be promoted or transferred, and, if so, describe and identify all such documents, including the years such written standards have been utilized, state the name, last known address and telephone number, gender and job title of those who participated in or contributed to the formulation of such written standards.

**INTERROGATORY NO. 47:**

Describe in detail how Defendant determines whether or not an employee should be promoted or transferred, including a statement of frequency of such determinations and identify the supervisory level of those who participate in the decision whether or not to promote or transfer.

**INTERROGATORY NO. 48:**

State whether any employee, job applicant or other person has ever filed a complaint with the Equal Employment Opportunity Commission, or any other governmental agency or department charging the Defendant with sex discrimination since January 1997 and if so, for each such complaint state:

        a.     The name and address of the complainant;

        b.     The date of the complaint;

        c.     The agency or department with which it was filed;

        d.     The nature and substance of any action taken by the agency or department.

**INTERROGATORY NO. 49:**

If the answer to Interrogatory number 48 is in the affirmative, state:

        a.     The allegations of the complaint or petition;

b. Whether an investigation was conducted concerning the complaint or petition;

c. The name, address, gender and job title of the official, agent or employee of the Defendant in charge of the investigation;

d. The findings of the investigation, and if any record currently exists of such findings; and

e. The final disposition of the complaint or petition.

**INTERROGATORY NO. 50:**

State whether any civil action has been filed since 1997, in any court charging the Defendant with sex discrimination, and if so, for each such action, state:

a. The name of the court in which the action was instituted or is pending and the action number;

b. The names of all parties to the action;

c. The nature and substance of the allegations in the complaint; and

d. The disposition of the action or its current status.

**INTERROGATORY NO. 51:**

Does the Defendant maintain records and post notices as required by Title VII of the 1964 Civil Rights act, and the regulations adopted pursuant thereto? If so, identify the records and notices and describe in detail how compliance has taken place for each year since 2000 in all locations where Defendant operates it business.

**INTERROGATORY NO. 52:**

State whether the Defendant has received any notices, posters, bulletins, or other documents from the Equal Employment Opportunity Commission with instructions to post them in conspicuous places on

the premises.

**INTERROGATORY NO. 53:**

If the answer to Interrogatory number 52 is in the affirmative, state where and when such notices, posters, bulletins or documents were posted, and if the same are posted at a present time.

**INTERROGATORY NO. 54:**

Describe in detail any job category or pay group the Plaintiff has applied for as a promotion during any time since 2000.

**INTERROGATORY NO. 55:**

For each job category or pay group that plaintiff has held and/or applied for a promotion since 2000, describe in detail:

      a.     The job descriptions and qualifications;

      b.     The total number of employees that are employed in that position(s);

      c.     The total number of male and female employees employed in that position(s);

      d.     The nature of the work performed;

      e.     The name and address of each Supervisor

      f.     The name, location and description of all training programs conducted for such

employees; and

      g.     Describe in detail the structure of any department in which the Plaintiff has worked

or has applied for promotion since January 2000.

**INTERROGATORY NO. 56:**

Please provide the date(s) in which the Plaintiff applied for employment with you, the classification of the position for which plaintiff applied or for which plaintiff was considered and the identity of the

person who interviewed Plaintiff for the positions, if an interview was

conducted.

**INTERROGATORY NO. 57:**

Please describe in detail any pre-employment test that was administered to plaintiff and the results

thereof.

**INTERROGATORY NO. 58:**

Please provide the identity of all Defendants employees who are responsible for the hiring and/or

involved in the hiring practices utilized by Defendant of any and all employees including pilots and describe

in detail any training and/or education provided to the employees involved in the hiring practices utilized by

Defendant.

**INTERROGATORY NO. 59:**

Please describe whether Plaintiff has at any time requested a transfer or promotion which has been

denied and, if so, the reason for the denial and state whether she had ever been given notice of discharge,

termination or layoff and, if so, the reason for such notice, the dates and the final disposition of such notice.

**INTERROGATORY NO. 60:**

For each and every position the Plaintiff held with Defendant, please describe in detail:

        a.     The stated qualifications and job description for the position;

        b.     The job category or pay group;

        c.     The duties performed by the plaintiff;

        d.     Any special training courses offered to employees holding such position;

        e.     Any special training courses taken by the Plaintiff, either in preparation for or during

the period in which she held each and every position;

f.      Any ratings or evaluations of the Plaintiff from any such special courses;

g.      The Plaintiff's job ratings or performance evaluations;

h.      The name, title and current address of the Plaintiff's Supervisors, including without limitation her immediate supervisor;

i.      Whether the Plaintiff supervised any other employees and if so, their names, titles and current addresses;

j.      The salary received from the Plaintiff for each of these positions throughout the period; and

k.      The geographical location of the offices to which the Plaintiff was assigned for each such position.

**INTERROGATORY NO. 61:**

State whether Plaintiff was required to submit to any physical examination or satisfy any health criteria with respect to her application for employment by the Defendant. If so, state:

a.      The results of such physical examination; and

b.      Whether the Plaintiff satisfied such health criteria.

**INTERROGATORY NO. 62:**

State whether the Plaintiff supplied any employment reference or references in connection with her application for her employment. If so, state:

a.      Identify such reference or references;

b.      State whether the Defendant communicated with any of the references and, if so, whether such communication was oral, written, or partly written and partly oral;

c.      If any of the communications were oral, state the date and substance of the

communication, the representative of the Defendant making it, the name and position of the person communicated with, and the name and address of the latter's employer; and

     d.     If any of the communications were written, identify the writing or writings involved, and state in whose custody such writings may be found.

**INTERROGATORY NO. 63:**

Since January 1, 2000 state whether the Defendant received any written requests from the Plaintiff concerning a promotion, stating:

     a.     Its date;

     b.     Its contents; and

     c.     Its disposition.

**INTERROGATORY NO. 64:**

Identify each conversation that any agent or representative of the Defendant conducted with the Plaintiff relative to her request for promotion, stating with respect to each:

     a.     Its date and place;

     b.     The names of all participants;

     c.     The length of the conversation; and

     d.     The records maintained of each conversation, including the present location and a description of such records sufficient to allow the Plaintiff to seek their production.

**INTERROGATORY NO. 65:**

State whether any re-training of the male pilots employed by the Defendant in Guam was recommended by you. If so, provide the reason that re-training was recommended, the identity of the pilots for which it was recommended, the date(s) retraining commenced and the type of retraining that

was recommended.

**INTERROGATORY NO. 66:**

State whether any re-training of the female pilots employed by the Defendant in Guam was recommended by you. If so, provide the reason that re-training was recommended, the identity of the pilots for which it was recommended, the date(s) retraining commenced and the type of retraining that was recommended.

**INTERROGATORY NO. 67:**

Please provide the identity of all male pilots that have been demoted by the Defendant since 2000.

**INTERROGATORY NO. 68:**

Please provide the identity of all female pilots that have been demoted by the Defendant since 2000.

**INTERROGATORY NO. 69:**

Please provide the identity of all male pilots that have been terminated by the Defendant since 2000.

**INTERROGATORY NO. 70:**

Please provide the identity of all female pilots that have been terminated by the Defendant since 2000.

**INTERROGATORY NO. 71:**

State whether there is a personnel manual and/or employee handbook setting forth the personnel policy and other organizational information, if so, for each manual state:

       (a) The name of the manual;

(b) A description of its contents;

(c) The name and section of the department or operational unit responsible for maintaining and updating the manual;

(d) The names, office addresses and titles of the persons to whom it is distributed;

(e) The name, office address and title of the person who is the custodian of the manual.

**INTERROGATORY NO. 72:**

Why was the Plaintiff terminated?

**INTERROGATORY NO. 73:**

On what facts and evidence do you rely to prove your denial of the claim that the Plaintiff was terminated because of her gender?

**INTERROGATORY NO. 74:**

Please identify all witnesses who have personal knowledge of the incident as a result of which the Plaintiff was terminated.

**INTERROGATORY NO. 75:**

Have you or anyone on your behalf interviewed any individual concerning this matter? If so, for each individual state:

        (a)     the name, address and telephone number of each individual interviewed;

        (b)     the date of the interview; and

        (c)     the name, address and telephone number of the person who conducted the interview

**INTERROGATORY NO. 76:**

Have you or anyone on your behalf obtained a written or recorded statement from any individual concerning this matter? If so, for each individual state:

(a)  the name, address and telephone number of each individual from whom the statement was obtained;

(b)  the date of the statement was obtained;

(c)  the name, address and telephone number of the individual who obtained the statement; and

(d)  the name, address and telephone number of each individual who has the original statement or a copy.

**INTERROGATORY NO. 77:**

Identify every person of whom Defendant is aware, who may have information or knowledge which is relevant to the subject matter of this lawsuit or which may lead to the discovery of information relevant to the subject matter of this lawsuit.

**INTERROGATORY NO. 78:**

Describe in detail the employment selection process which has existed since January 1, 2000 until the present, indicating all changes in such procedures.

**INTERROGATORY NO. 79:**

Describe in detail from January 1, 2000 until the present each interviewer employed by Defendant, including their name, last know address, gender, title, job classification, professional qualifications and training received and interviewing responsibilities. Describe whether written evaluations of the specific interviews conducted are utilized and, if so, describe and identify the written standards for such evaluations.

**INTERROGATORY NO. 80:**

State whether defendant maintains written criteria or standards directing the manner in which interviews shall be conducted, and, if so, describe and identify all such written criteria or standards, and

indicate the name, last know address, gender and job title of those who participated in or contributed to the formulation of such written criteria or standards.

**INTERROGATORY NO. 81:**

Please state all facts, identify all documents and witness that may have information to support your defense that Plaintiff was not qualified for her position with Defendant as stated in paragraph 4 on page 4 of your answer to plaintiffs' complaint.

**INTERROGATORY NO. 82:**

Please state all facts, identify all documents and witnesses that may have information to support your defense that Plaintiff failed to perform her job and/or to meet her employer's expectations as stated in paragraph 5 on page 4 of your answer to plaintiffs' complaint.

**INTERROGATORY NO. 83:**

Please state all facts, identify all documents and witnesses that may have information to support your defense that employment decisions concerning Plaintiff were made on the basis for legitimate business reasons as stated in paragraph 10 on page 4 of your answer to plaintiffs' complaint.

**INTERROGATORY NO. 84:**

Please specifically describe the employment decisions that were made by you concerning Plaintiff as stated in paragraph 10 on page 4 of your answer to plaintiffs' complaint, including the identity of the person(s) involved in making the decision(s) and the date(s) any decision(s) were made.

**INTERROGATORY NO. 85:**

Please specifically describe the basis of legitimate business reasons utilized in making employment decisions concerning Plaintiff as stated in paragraph 10 on page 4 of your answer to plaintiffs' complaint.

/ / /

**INTERROGATORY NO. 86:**

Please state all facts, identify all documents and witnesses that may have information about the basis of legitimate business reasons utilized in making employment decisions concerning Plaintiff as stated in paragraph 10 on page 4 of your answer to plaintiffs' complaint.

**INTERROGATORY NO. 87:**

Please provide the amount of profits gained by you each year from 2004 until the present.

**INTERROGATORY NO. 88:**

Please identify all documents that contain the amounts of profits gained by you each year from 2004 until the present.

**INTERROGATORY NO. 89:**

Please identify the job title held by Stephen Phillips and any supervisory authority he had over the employees in the Guam Cape Air operation.

**INTERROGATORY NO. 90:**

Please identify the job title of David O'Connor and any and all flight training Mr. O'Connor conducted, oversaw or had responsibility for including, but not limited to, systems integration training and crew resource management training for all pilots working in Guam.

**INTERROGATORY NO. 91:**

Please provide the last know address for Russell Price.

**INTERROGATORY NO. 92:**

Please identify the FAA minimum training requirements for ATR 42 pilots in system integration training.

/ / /

**INTERROGATORY NO. 93:**

Please identify the FAA minimum training requirements for ATR 42 pilots in crew resource management training.

**INTERROGATORY NO. 94:**

Please provide the last known address for Larry Gualtieri.

**INTERROGATORY NO. 95:**

Does Cape Air maintain a code of business conduct establishing a standard of business and personal ethics for their employees? If so, please describe in detail the requirements of the code.

DATED at Hagåtña, Guam, this _11th_ day of April, 2007.

**TEKER TORRES & TEKER, P.C.**

By _____
    **PHILLIP TORRES, ESQ.**
    Attorneys for Plaintiff, ***Tiffany Anne Nicholson***

020A ROG REQUEST (2)