

ORIGINAL

CARLSMITH BALL LLP

ELYZE J. MCDONALD
DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813
Fax No. 671.477.4375

Attorneys for Defendant
Hyannis Air Service, Inc. dba Cape Air

**FILED**
DISTRICT COURT OF GUAM
MAY 23 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

TIFFANY ANNE NICHOLSON,

        Plaintiff,

  vs.

HYANNIS AIR SERVICE, INC.
dba CAPE AIR,

        Defendant.

CIVIL CASE NO. CIV06-00027

**DEFENDANT'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO EXCEED
DISCOVERY LIMITS;
DECLARATION OF DAVID LEDGER;
EXHIBIT A; CERTIFICATE OF
SERVICE**

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................................................1

II.  FACTUAL BACKGROUND...............................................................................................2

III.  PLAINTIFF FAILED TO COMPLY WITH LR 37.1 PRIOR TO FILING HER
MOTION FOR LEAVE TO EXCEED DISCOVERY LIMITS. .......................................3

IV.  STANDARD OF REVIEW..................................................................................................4

V.  LEGAL ANALYSIS ............................................................................................................5

    A.  Plaintiff's Proposed Additional Interrogatories Request Irrelevant
Information. ...............................................................................................................5

        1.  Two Types of Relevance ..............................................................................5

        2.  Information Sought is Not Relevant to Plaintiff's Claim ............................7

    B.  Information is Sought Without a Showing of Good Cause ...................................10

    C.  Plaintiff's Proposed Additional Interrogatories Are Cumulative,
Duplicative, Excessive and Oppressive..................................................................11

    D.  Plaintiff Had, and Has, Ample Opportunity to Obtain Information....................13

    E.  Plaintiff Failed to Show That the Benefits of Further Discovery Outweigh
the Burdens Imposed on Defendant........................................................................13

VI.  CONCLUSION ..................................................................................................................17

## TABLE OF AUTHORITIES

**CASES**

*Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.RD. 578 (D. Minn. 1999)...............15

*Calderon v. U.S. Dist. Ct. for N.D. Cal.*, 98 F.3d 1102 (9th Cir. 1996).......................................11

*Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486 (W.D.N.C. 1998) .................14

*Duncan v. Paragon Publishing, Inc.*, 204 F.R.D. 127 (S.D. Ind. 2001) ..................................15, 16

*Frost v. Williams*, 46 F.R.D. 484 (D. Md. 1969).........................................................................13

*Furnco Constr. Corp. v. Waters*, 438 U.S. 567 (1978) ..................................................................9

*Gen. Elec. Co. v. Indemnity Ins. Co.*, 2006 WL 1525970 (D. Conn. May 25, 2006)....................16

*Hardrick v. Legal Servs. Corp.*, 96 F.R.D. 617 (D.D.C. 1983))...................................................7, 9

*Henderson v. Zurn Indus.*, 131 F.R.D. 560 (S.D. Ind. 1990) .........................................................8

*McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53 (E.D. Pa. 1979)........................................................9

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).............................................................8

*McGowan v. General Dynamics Corp.*, 794 F.2d 361 (8th Cir. 1986) ........................................10

*Miles v. Boeing Co.*, 154 F.R.D. 117 (E.D. Pa. 1994)................................................................7, 9

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) ...........................................................7

*Payne v. Bell*, 89 F. Supp. 2d 967 (W.D. Tenn. 2000)................................................................11

*Pleasants v. Allbaugh*, 208 F.R.D. 7 (D.D.C. 2002) ....................................................................7

*Ranney-Brown Distrib., Inc. v. E.T. Barwick Indus.*, 75 F.R.D. 3 (S.D. Ohio 1977).....................8

*Raytheon Co. v. Hernandez*, 540 U.S. 44 (2003) .........................................................................8

*Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49 (D.N.J. 1985)..............................................9

*Upchurch v. USTNET, Inc.*, 158 F.R.D. 157 (D. Or. 1994) ...........................................................9

*Watson v. Fort Worth Bank & Trust*, 487 U.S. 977 (1988)...........................................................8

# TABLE OF AUTHORITIES

Page

**OTHER AUTHORITIES**

6 Moore's Federal Practice § 26.41 ................................................................................6

8A Wright & Miller, Federal Practice & Procedure § 2163 (2d ed. 1994) ...................15

8A Wright & Miller, Federal Practice & Procedure § 2163 ..........................................16

7 Moore's Federal Practice § 33.30[3][a] .....................................................................14

**RULES**

Fed. R. Civ. P. 26 ........................................................................................................6, 7

Fed. R. Civ. P. 33 ........................................................................................................1, 4

Local Rule 33.1 .......................................................................................................11, 14

Local Rule 37.1 ..................................................................................................1, 11, 17

**STATUTES**

42 U.S.C.A. § 1981a .......................................................................................................7

## I.    INTRODUCTION

Federal Rule of Civil Procedure 33 imposes a limit on the number of interrogatories to twenty-five, for good reason. The Advisory Committee wanted to improve efficiency of discovery practice, reduce litigation costs and mitigate the harassment that follows from excessive, repetitive discovery.

Rule 33's limitation was made specifically for the type of discovery practice that Plaintiff Tiffany Nicholson seeks to engage in here. Her Motion for Leave to Exceed Discovery Limits, and its accompanying proposed list of 70 additional interrogatories (not including sub-parts), on top of the 25 that have already been served and responded to, spark glaring concerns of inefficient, cost-prohibitive, and excessive and repetitive discovery practice that motivated the Advisory Committee to impose the 25-interrogatory limit in the first place.

As will be discussed in this Memorandum, Plaintiff's motion should be denied in its entirety for various reasons. First, Plaintiff fails to comply with Local Rule 37.1, which requires her to meet and discuss the proposed discovery with Defendant to determine whether a motion need be filed in the first place. This type of cooperative discovery practice would be immensely beneficial in this case, in which recent, extensive discovery perhaps has eliminated the need for much of the proposed discovery. Second, Plaintiff's proposed additional interrogatories request, in large part, irrelevant information. Third, to the extent that Plaintiff requests information that is relevant to the subject matter of the present action, Plaintiff has failed to show good cause for additional discovery. Fourth, Plaintiff's proposed additional interrogatories are cumulative and duplicative, often asking questions that were already answered, and requesting information that has already been produced. Fifth, the Plaintiff has had ample opportunity to obtain the information sought via her first set of interrogatories, and has had and will have ample opportunity for further discovery through depositions that have already been scheduled and/or

taken. Sixth, the irrelevancy and repetitiveness of the proposed additional interrogatories demonstrates that allowing such excessive discovery would be inefficient and unduly burdensome to Defendant.[1] Finally, Plaintiff has failed to demonstrate good cause under the Local Rules because the benefit of the proposed additional interrogatories will not outweigh the burden to Defendant. Moreover, Plaintiff's contention that taking the interrogatories will result in cost savings by removing the need to take numerous depositions, *see* Pl.'s Mot. at 3, is disingenuous and without merit.

## II.    FACTUAL BACKGROUND

Cape Air employed Plaintiff as a pilot on its ATR 42 aircraft during the summer through mid-fall of 2004. Declaration of Stephen Phillips ("Phillips Decl.") (filed concurrently herewith), ¶ 4. Cape Air had just started operations on Guam, and Plaintiff was one of eight pilots who won a bid to fly on Cape Air's Micronesia routes. Phillips Decl., ¶ 5. She was the only female pilot during Cape Air's initial operations on Guam. Phillips Decl., ¶ 6.

Although Plaintiff passed ground school and initial operating training, she demonstrated deficiencies with respect to her Crew Resource Management ("CRM") skills, which involves communication and interpersonal skills, particularly with other crewmembers. Phillips Decl., ¶ 7. Cape Air offered Plaintiff several opportunities for further training on CRM, during which she only further displayed her deficient CRM skills. Phillips Decl., ¶ 8. After an investigation which included a review of her abilities and other pilots' observations of her abilities, Cape Air management executed an Action Form whereby she was taken off from duty as an ATR pilot, and offered her a position flying a Cessna 402 aircraft with a possible return to the ATR pending

---

[1] Several of Plaintiff's proposed additional interrogatories are also objectionable because they request confidential information and/or attorney work product, and/or are vague, ambiguous and unintelligible. These, and all other, objections are not waived, nor are they addressed in this Opposition. This Opposition does not seek to raise all relevant objections to the proposed interrogatories, but instead focuses on the failure of Plaintiff's Motion as a whole, and urges it denial in the entirety.

further training in CRM. Phillips Decl., ¶ 9. The Cessna 402 aircraft is a single-pilot aircraft, which Plaintiff had flown previously. Phillips Decl., ¶ 10.

Plaintiff refused this proposal, and refused to take any pilot position other than flying the ATR. Phillips Decl., ¶ 11. Her refusal to fly the Cessna 402 and gain further training resulted in her termination. Phillips Decl., ¶ 12. She filed claims with the EEOC alleging gender discrimination, and after receiving a right to sue letter, filed the present lawsuit.

Plaintiff has had ample opportunity to discover information in this case. Plaintiff has already served a First Set of Interrogatories, which posed 25 requests for information, thereby exhausting Rule 33's limitation. Ex. A. As of the date of this Memorandum, she has also deposed seven representatives of Cape Air, and as of the date of the hearing on this Motion, will have deposed four more, in addition to two persons who are no longer employed by Cape Air. The deponents include Defendant's President, Dan Wolf, its Vice President of Human Resources, Linda Markham, Stephen Phillips, its Chief Pilot, and others in Cape Air's management and non-management positions. Through the 25 interrogatories and the 12 depositions, Plaintiff had numerous opportunities to ask these individuals questions about her claims, about Defendant and its disciplinary process, and about other information related to her case.

## III.     PLAINTIFF FAILED TO COMPLY WITH LR 37.1 PRIOR TO FILING HER MOTION FOR LEAVE TO EXCEED DISCOVERY LIMITS.

Local Rule 37.1 sets forth a procedure that must be followed before a motion relating to a discovery dispute is filed. It requires that prior to filing a motion, counsel shall meet in person in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. LR 37.1(a). LR 37.1(a) also places responsibility for arranging the conference on the moving party. Counsel for Plaintiff did not make any arrangements to discuss

4826-2555-9041.3.056785-00005

Case 1:06-cv-00027     Document 15     Filed 05/23/2007     Page 7 of 34

the additional 70 interrogatories and to determine which of the 70 interrogatories Cape Air might be willing to respond to. *See* Ledger Decl. (attached hereto).

In the event counsel cannot settle their differences, LR 37.1(b) requires them to formulate a written stipulation specifying separately and with particularity each issue that remains to be determined at the hearing and the contentions and points and authorities of each party. Counsel for Plaintiff did not contact Defendant to coordinate the filing of a LR 37.1(b) stipulation. Ledger Decl., ¶ 6. Such a stipulation would be beneficial in this case in which *70 **additional** **interrogatories (not including sub-parts)*** have been proposed, and many of these interrogatories are duplicative of each other, and are otherwise objectionable in form and in substance, as discussed below. Through the practice imposed by LR 37.1, Plaintiff would have learned to pare down its excessive discovery practice rather than throwing all 70 interrogatories at Defendant and the Court to sort out.

Plaintiff failed to comply with both LR 37.1 (a) and (b). Because of Plaintiff's failure to follow the Local Rules of Practice, the Court should deny the motion outright. Moreover, should the Court deny the Motion on these grounds and/or require Plaintiff to follow LR 37.1, Defendant asks for sanctions in the amount of its attorneys fees incurred on preparing this Opposition Memorandum.

## IV.  **STANDARD OF REVIEW**

Rule 33 of the Federal Rules of Civil Procedure establishes a presumptive 25-question limit to the number of interrogatories a party may serve. Fed. R. Civ. P. 33(a). The purpose of the 25-question limitation is to "reduce the frequency and increase the efficiency of interrogatory practice." Id., 1993 Adv. Comm. notes. The use of interrogatories is subject to the control of the court in order to prevent parties from making excessive use of interrogatories, "because the device can be costly and may be used as a means of harassment." Id.

Courts may grant leave for parties to serve additional interrogatories under Rule 33, "to the extent consistent with the principles of Rule 26(b)(2)." Rule 26(b)(2) states that in deciding whether to limit discovery or to grant a motion to exceed discovery, a court must determine whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). In addition, Rule 26(b) limits the scope of discovery to "relevant" information. Fed. R. Civ. P. 26(b)(1). Finally, under the Local Rules, a request to serve additional interrogatories must be supported by "good cause." L.R. 33.1(a).

## V. **LEGAL ANALYSIS**

### A. PLAINTIFF'S PROPOSED ADDITIONAL INTERROGATORIES REQUEST IRRELEVANT INFORMATION.

1. Two Types of Relevance

Rule 26(b) allows parties to obtain discovery "that is relevant to the claim or defense of any party[.]" Fed. R. Civ. P. 26(b)(1). The rule also provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."[2] *Id.* These are two separate standards for determining "relevance" for discovery purposes. *See, e.g.,*

---

[2] Good cause under the relevancy analysis should not be confused with the Guam District Court Local Rule requiring *all* requests for additional interrogatories to be accompanied by reasons establishing good cause. *See* L.R. 33.1(a). The Local Rule provides an additional standard that the Plaintiff fails to meet. *See* Part V.D, *infra.*

4826-2555-9041.3.056785-00005

6 Moore's Federal Practice § 26.41 (discussing relevancy as to claims or defenses compared with relevancy as to subject matter).

In 2000, the Federal Rules of Civil Procedure were amended such that party-controlled discovery was limited to information "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1), 2000 Adv. Comm. notes. Prior to 2000, parties were entitled to discovery of information relevant to the "subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1)(1983). The change, which was "long urged by the American College of Trial Lawyers," was designed to afford federal courts with greater control over the management of civil litigation and to "[f]ocus the attention of the parties and the court on the **actual claims and defenses involved in the action**." 6 Moore's Federal Practice § 26.41 [2][a] n.3 & [2][b] (emphasis added). This narrowing of "relevance" constituted part of a greater movement that included the 1993 amendment limiting interrogatories to 25 questions. *Id.*

Under the post-2000 rule governing when to permit additional discovery, federal courts must first determine whether the information sought is relevant to the parties' claims or defenses. If not, the court must then inquire whether the information sought is relevant to the subject matter of the action, and if so, whether the moving party sufficiently set forth good cause for expanding discovery. *See* Fed. R. Civ. P. 26(b).

In the present case, several of Plaintiff's proposed additional interrogatories are not relevant, either as to the parties' claims and defenses, or as to the subject matter of this litigation. And even assuming, *arguendo,* that some of the proposed additional interrogatories request information relevant to the subject matter of this litigation, Plaintiff wholly fails to set forth good cause for expanding discovery. For these reasons, this Court should deny Plaintiffs' request in its entirety.

2. Information Sought is Not Relevant to Plaintiff's Claim

Under Rule 26(b) the scope of discovery is broad, and "relevant" evidence need not necessarily be admissible. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978). Nonetheless, "courts remain concerned about 'fishing expeditions, discovery abuse, and inordinate expenses involved in overbroad and far-ranging discovery requests' and have therefore limited discovery to the issues involved in the particular case." *Pleasants v. Allbaugh*, 208 F.R.D. 7, 9 (D.D.C. 2002) (quoting *Hardrick v. Legal Servs. Corp.*, 96 F.R.D. 617, 618 (D.D.C. 1983)); *see also Miles v. Boeing Co.*, 154 F.R.D. 117, 119 (E.D. Pa. 1994) (discovery must comport with traditional notions of relevancy and must not impose undue burden on responding party).

The discovery sought must be relevant to the claims or defenses actually alleged by the parties. Fed. R. Civ. P. 26(b). If it is not relevant to the alleged claims or defenses, a court may order discovery of other relevant subject matter upon a showing of good cause. *Id.* Here, Plaintiff has alleged disparate treatment. Accordingly, Plaintiff's requests for additional discovery that pertain to claims other than disparate treatment should not be granted because Plaintiff has not shown (1) that the information is relevant to the subject matter of this litigation, or (2) good cause.

Several of Plaintiff's proposed additional interrogatories might be relevant in establishing a claim for disparate impact, but because Plaintiff has only raised a claim for disparate treatment, such inquiries are irrelevant to the claims presented here. Title VII distinguishes between disparate treatment (or intentional discrimination) and disparate impact discrimination (or de facto discrimination). *See* 42 U.S.C.A. § 1981a. The Supreme Court has consistently recognized this distinction between disparate treatment claims and disparate impact claims. *Raytheon Co. v.*

*Hernandez*, 540 U.S. 44, 52 (2003). To prove a Title VII disparate treatment case, Plaintiff must first establish a prima facie case (1) that she belongs to a racial minority or a protected group; (2) that she was qualified for her position; (3) that she was subject to adverse employment action; and (4) that she was treated differently from others similarly situated. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). By contrast, in order to establish a prima facie case of disparate impact, the plaintiff must: (1) identify the specific employment practices or selection criteria being challenged; (2) show disparate impact; and (3) prove causation by way of statistical evidence. *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 992-995 (1988). The statistical disparities "must be sufficiently substantial that they raise such an inference of causation." *Id.* at 995.

Plaintiff's proposed interrogatories that do not pertain to the claims she has alleged should not be permitted. For example, the proposed additional interrogatories numbered 30, 31, 32, 33, 34, 36, 37, 48, 49, 50, 51, 52, 53, 56, 57, 58, 61, 62, 78, 79, 80, 90, 92, and 93 dealing with compensation, hiring, and training appear to be irrelevant to, and wholly unrelated to, the Plaintiff's claim, the Plaintiff's factual allegations, or the subject matter of this litigation. Plaintiff's claim is one for disparate treatment in her termination: she has made no allegation regarding compensation, hiring, or training. Plaintiff is therefore not entitled to serve as of right interrogatories requesting information as to claims other than wrongful discharge.

Proposed additional interrogatories numbered 87 and 88, which request information as to Defendant's financial condition, are not relevant and the information is undiscoverable, because they are not necessary to establish an element of a party's claim or defense. *See, e.g., Henderson v. Zurn Indus.*, 131 F.R.D. 560, 562 (S.D. Ind. 1990) (tax returns not relevant); *Ranney-Brown Distrib., Inc. v. E.T. Barwick Indus.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977) (facts concerning

4826-2555-9041.3.056785-00005

defendant's financial status not relevant); *cf. Upchurch v. USTNET, Inc.*, 158 F.R.D. 157, 160 (D. Or. 1994) (where counterclaim included allegation that plaintiff tried to destroy defendant's business, financial status was relevant).

Nor is Defendant required to answer Plaintiff's interrogatories that seek discovery concerning the entire scope of Defendant's personnel practices and procedures for the entire corporation (for example, see interrogatories numbered 26, 33, 42, 43). *Hardrick, 96 F.R.D. at 619.* This information is irrelevant to the present case.

Several of the proposed additional interrogatories appear to be geared toward establishing a pattern and practice of discrimination (for example, see numbers 27, 28, 29, 32, 35, 36, 37, 38, 39, 40, 41, 48, 49, 50, 51, 52, 53, 55, 65, 66, 67, 68, 69, 70). In a disparate treatment case, federal courts have held that where a defendant rebuts an inference of discrimination with evidence of a legitimate non-discriminatory reason for its conduct, a plaintiff may seek information necessary to conduct a statistical study to demonstrate that the stated reason was a pretext. *See, e.g., Furnco Constr. Corp. v. Waters*, 438 U.S. 567 (1978). Where, however, a plaintiff has made no such allegation, the plaintiff is limited to traditional notions of discovery. *See, e.g., Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 55 (D.N.J. 1985). Here, Plaintiff has never alleged that Defendant engaged in a pattern or practice of discrimination, and therefore the statistical evidence she appears to seek cannot be relevant to her claim.

Moreover, statistical discovery must be narrowly tailored to the claim of disparate treatment, *Miles*, 154 F.R.D. at 121, and the federal courts impose restrictions as to time period, work unit, job category, type of discrimination alleged, and "the type of action by which plaintiff was aggrieved such as hiring, promotion, discharge." *Id.* at 121 (citing *Hardrick*, 96 F.R.D. at 617; *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53 (E.D. Pa. 1979); *Robbins*, 105 F.R.D. at 62).

4826-2555-9041.3.056785-00005

Thus, in the present case, Plaintiff's limited request for statistical information relevant to the termination pattern of female pilots in Guam might have been entertained, if Plaintiff had met the other requirements for requesting additional discovery. Even then, however, Plaintiff's request would have been flawed: discovery that might otherwise be permissible as relevant to a statistical study must be denied where there is a low likelihood that a statistically reliable study could be produced from the information. *See, e.g., McGowan v. General Dynamics Corp.*, 794 F.2d 361, 363-64 (8th Cir. 1986). Here, the information Plaintiff appears to seek cannot yield a statistically reliable study due to the small numbers involved. In particular, such a study would involve only the eight pilots that flew the Micronesia route – not enough to produce any sort of statistical study. Additionally, Plaintiff's proposed additional interrogatories impermissibly requested information in excess of that necessary to perform such a study, including personal information (see numbers 36, 39, 48, 50, 65, 66, 67, 68, 69, and 70).

## B.    INFORMATION IS SOUGHT WITHOUT A SHOWING OF GOOD CAUSE

Without conceding that Plaintiff has requested information relevant to the subject matter of this litigation, in instances where Plaintiff requests information that is irrelevant to the parties' claims or defenses, Plaintiff fails to make a showing of good cause. For example, although Plaintiff might be permitted to discover information necessary for a statistical study if Plaintiff had made an allegation that Defendant had engaged in a pattern or practice of discrimination, Plaintiff's Motion makes no such argument for cause. Plaintiff sets forth no reason she should have access to information regarding the entire scope of Defendant's personnel practices and procedures or to Defendant's financial information. Likewise, Plaintiff makes no showing that she has cause to discover Defendant's hiring, training, or compensation programs. Plaintiff's sole allegation is one of wrongful discharge: discovery beyond information relevant to that claim must be supported by good cause.

4826-2555-9041.3.056785-00005

Plaintiff's Motion rests on sweepingly generalized "cause." Plaintiff asserts that "it is necessary to inquire into [Defendant's] corporate structure, employment policies and practices," and "[b]eing limited to 25 interrogatories will deprive [Plaintiff] of the opportunity to discover information crucial to the prosecution of her claims." Pl.'s Mot. at 2. Plaintiff then states that "[i]n order to permit a fair and reasonable inquiry into these areas, [Plaintiff] should be permitted to serve an additional 70 interrogatories." Pl.'s Mot. at 3. Finally, Plaintiff concludes that, "for good cause, [Plaintiff] seeks permission to exceed Local Rule 33.1's discovery limits to allow full, comprehensive discovery as requested above." Pl.'s Mot. at 3. These flat, naked, conclusory statements do not qualify as a showing of good cause. *See, e.g., Calderon v. U.S. Dist. Ct. for N.D. Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) (good cause requires more than conclusory allegations); *Payne v. Bell*, 89 F. Supp. 2d 967 (W.D. Tenn. 2000) (conclusory assertions not sufficient to embark on fishing expedition).

C.   PLAINTIFF'S PROPOSED ADDITIONAL INTERROGATORIES ARE CUMULATIVE, DUPLICATIVE, EXCESSIVE AND OPPRESSIVE.

Plaintiff's Motion must fail not only because Plaintiff seeks irrelevant information, but also because Plaintiff's proposed additional discovery is unreasonably cumulative, duplicative, excessive, and oppressive. In fact, Plaintiff's proposed additional interrogatories are so cumulative, repetitive, excessive, and unduly burdensome that to object in particularity to each of the additional 70 interrogatories and their subparts would itself be unduly burdensome.

This is precisely why the burden of persuasion as to the necessity of further additional discovery lays with the propounding party. *See* L.R. 33.1(a) (any party desiring to serve additional interrogatories shall set forth reasons establishing good cause); LR 37.1 (discovery disputes must be laid out in a stipulation containing the points and contentions of each party).

Plaintiff's complete failure to set forth any legitimate reason for the necessity of the additional interrogatories should thus defeat Plaintiff's own Motion.

Nonetheless, it bears summary explanation: The proposed additional interrogatories are rife with repetitious requests. For example, proposed additional interrogatories numbered 28, 71, 74, 77, and 91 request information and/or documents already produced and/or handled in initial disclosures. Proposed additional interrogatories 31, 32, and 60, which ask about Plaintiff's job categories and/or pay groups are substantially duplicative, and request the same information as Plaintiff's interrogatory number five. Likewise, proposed additional interrogatory 54 asks for Defendant to "Describe in detail any job category or pay group the Plaintiff has applied for . . . ," while proposed additional interrogatory 55(a) asks for the same "job description and qualifications," and 55(d) asks for the "nature of the work performed." Plaintiff asks no less than ten times the reason for Plaintiff's termination: interrogatory 12 requests that Defendant "Describe in detail any and all reasons, analysis and company policy(ies) and procedures utilized in making the decision to discipline, demote and/or terminate the Plaintiff;" interrogatory 15 asks for a detailed description of the review process used in Plaintiff's termination; proposed interrogatory 72 asks "Why was the Plaintiff terminated?"; and proposed interrogatories 73, 81, 82, 83, 84, 85, and 86, in turn, request the facts, evidence, or rationale supporting Plaintiff's termination. Proposed interrogatory 36 requests the same information as 35(c). Proposed interrogatory 58 requests the same information as interrogatory four. Proposed interrogatories 74 and 77 are substantially the same.

Plaintiff may arrange the questions in any order or select synonyms to obscure similarities, but in substance, the questions are cumulative, duplicative, and oppressive. Several of the proposed additional interrogatories borderline on the absurd. In proposed interrogatory

number 62, for example, Plaintiff asks whether she supplied any employment references at the time of her application for employment, and wants a summary of all communications between the Defendant and her references. In proposed interrogatory 28(f), Plaintiff demands descriptions of any "breakdown of employees by age" between January 1, 2000 and June 30, 2006. Such information is not only irrelevant, but also burdensome to procure and ultimately useless. These are obviously attempts to harass the Defendant with time-consuming and unnecessary tasks entirely unrelated to Plaintiff's claim.

## D.    PLAINTIFF HAD, AND HAS, AMPLE OPPORTUNITY TO OBTAIN INFORMATION.

Plaintiff has already had the opportunity to serve Defendant with twenty-five interrogatories, and Plaintiff has scheduled twelve depositions,[3] all of which will be complete when this Motion is heard by the Court. Much of the information in the proposed interrogatories has been discovered through these depositions or interrogatories, or should have been discovered at that time. If Plaintiff had the opportunity to ask any information covered by a proposed interrogatory, but has not, Plaintiff has simply wasted time and her opportunity, and has acted in a way that contrasts the limitation imposed by Rule 33.

Thus, and as is discussed further below, these opportunities to obtain information have not only been sufficient, but also render the proposed additional interrogatories cumulative and oppressive.

## E.    PLAINTIFF FAILED TO SHOW THAT THE BENEFITS OF FURTHER DISCOVERY OUTWEIGH THE BURDENS IMPOSED ON DEFENDANT.

Interrogatories must be not be oppressive or frivolous, but must be reasonable. *Frost v. Williams*, 46 F.R.D. 484 (D. Md. 1969). Leave of court is required before a party may serve

---

[3] Defendant agreed to allow more than ten depositions in spite of the ten-deposition limitation under the Federal Rules of Civil Procedure. Defendant has been more than accommodating in Plaintiff's excessive discovery practice already.

additional interrogatories "so that the court may examine the circumstances before the parties propound an unreasonable number of interrogatories." *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N.C. 1998) (citing 7 Moore's Federal Practice § 33.30[3][a]) (denying request for fifty additional interrogatories unsupported with express showing of good cause). Good cause is not only required to support a subject-matter relevance inquiry, but it is also required under District of Guam, Local Rule 33.1(a) for an extension beyond the presumptive limits of discovery. Under Local Rule 33.1(a), the Federal District Court for Guam requires an express showing of "good cause" before granting a request to serve more interrogatories. L.R. 33.1(a). A request for leave to file additional interrogatories may be granted where the request "makes an express showing of good cause, i.e., that the benefits of further discovery by interrogatories outweigh the burdens imposed on the responding party." *Capacchione*, 182 F.R.D. at 492.

Plaintiff has totally failed to show that the benefits of additional interrogatories will outweigh the burden to Defendant. Instead, Plaintiff asserts that some of its scheduled depositions "may easily be avoided as the information needed from these witnesses may simply be gained from answering additional interrogatories." Pl.'s Mot. at 2. In the same breath, however, Plaintiff claims that "[b]eing limited to 25 interrogatories will ***deprive*** [Plaintiff] of the opportunity to discover information ***crucial*** to the prosecution of her claims." *Id.* (emphasis added). These statements are contradictory: if additional interrogatories may obviate the need for certain depositions, then the additional information requested in the interrogatories is not crucial, but rather supplementary. Conversely, if the additional interrogatories are crucial, then presumably the depositions, which have already been scheduled, cannot be "easily avoided." The Plaintiff has no intention of cancelling any depositions, regardless of the outcome of this

Motion. Either the interrogatories are crucial to Plaintiff's case or they are not: Plaintiff cannot simultaneously argue that they are both indispensable and supplemental to depositions.

The case of *Duncan v. Paragon Publishing, Inc.*, 204 F.R.D. 127 (S.D. Ind. 2001) is instructive here. In *Duncan*, fire department employees brought action against a magazine publisher on various tort claims. *Id.* at 127. In seeking the court's leave to serve ninety-nine additional interrogatories, the plaintiffs explained that the information sought could not be gained from another source, the use of interrogatories was "more convenient," the interrogatories were carefully constructed and not unreasonably cumulative or duplicative, and would "not create an annoyance or significant expense to [defendant]." *Id.* at 128 (citing Pls.' Request for Leave). The defendant objected, claiming that the plaintiffs' requests were burdensome and oppressive. *Id.* at 128. The court in *Duncan* found in favor of defendant, ruling that the court "makes a case by case analysis in determining whether a party may exceed the allotted number of interrogatories . . . weighing the burdensome duplication in a given circumstance." *Id.* (citing 8A Wright & Miller, Federal Practice & Procedure § 2163 (2d ed. 1994)). "The party seeking leave," said the court, "must set forth a particularized showing to exceed the limit[.]" *Id.* (citing *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.RD. 578, 586 (D. Minn. 1999)).

The court in *Duncan* found the proposed additional discovery overbroad, unduly burdensome, and oppressive, and opined that they "resemble[d] a deposition outline rather than a set of interrogatories[.]" *Id.* at 129. The court rejected Plaintiffs' assertion that the interrogatories sought information not obtainable from other sources, because the information was "readily obtainable" by deposition. *Id.* The court reasoned that if it granted leave to serve the additional interrogatories, "Defendant will likely assert objections, creating a lengthy discovery dispute that could prolong the litigation. Through live testimony, Plaintiffs will have

Case 1:06-cv-00027    Document 15    Filed 05/23/2007    Page 19 of 34

an opportunity to obtain thorough and concise answers to the information sought." *Id.* (citing 8A Wright & Miller, Federal Practice & Procedure § 2163). Moreover, the court noted, the plaintiffs' request was also commutative, as the plaintiffs intended to take depositions anyway. *Id.*[4]

Here, Plaintiff sets forth as "good cause" the proposition that Plaintiff "must be able to inquire into [Defendant's] corporate structure and corporate policies and implementation of those policies as it relates to their employment practices and illegal decision to terminate [Plaintiff]." Pl.'s Mot. at 2-3. Plaintiff utterly fails, however, to explain why it is necessary to serve an additional 70 interrogatories to accomplish that purpose, or why such inquiries cannot be made at deposition. Moreover, Plaintiff's contention that the additional interrogatories will not result in undue delay or prejudice to Defendant because "discovery is currently in its initial stages" ignores the fact that the proposed additional interrogatories are in themselves unduly burdensome and objectionable, as discussed above. Serving these additional interrogatories will not serve the "sound principles of judicial economy" as Plaintiff purports, because, as in *Duncan*, objections will likely result in a dispute that could prolong litigation. Finally, the proposed additional interrogatories are patently *not* limited to relevant questions regarding corporate structure and relevant policies and procedure, but instead go well beyond the realm of relevant inquiry.

If Plaintiff wishes to burden Defendant with these additional interrogatories, Plaintiff must "demonstrate specifically why ***each one*** of the proposed additional interrogatories is necessary." *Gen. Elec. Co. v. Indemnity Ins. Co.*, 2006 WL 1525970 (D. Conn. May 25, 2006).[5]

---

[4] Note, however, that the court also noted "that this is not a situation in which Plaintiffs first filed twenty-five interrogatories, felt more information was needed upon reading the responses, then sought leave of court to file additional interrogatories." *Duncan*, 204 F.R.D. at 129. "Rather, Plaintiffs . . . simply sought leave to serve ninety-nine interrogatories." *Id.* This may be a point upon which *Duncan* is distinguishable from this case.

[5] This is an unpublished Magistrate's ruling.

A blanket demand, without any legal support, for ninety-five interrogatories is totally insufficient.

## VI.    CONCLUSION

Plaintiff's Motion lacks merit. It asks for approval to engage in the type of excessive discovery practice that is expressly prohibited by the Federal Rules of Civil Procedure. It was filed in violation of Local Rule 37.1. It seeks discovery on irrelevant information. It fails to demonstrate any good cause. It proposes discovery on issues that have already been discovered and produced. It imposes undue cost upon Defendant, which cost will amplify should the Motion be granted.

For these reasons, and those discussed above, Plaintiff's Motion should be denied in its entirety.

DATED: Hagåtña, Guam, May 23, 2007.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Plaintiff
Hyannis Air Service, Inc. dba Cape Air

# DECLARATION OF DAVID LEDGER

I, DAVID LEDGER, declare under penalty of perjury the following:

1.     I am Counsel for Plaintiff Hyannis Air Service, Inc. dba Cape Air.

2.     I have personal knowledge of the facts stated in this Declaration.

3.     I would testify as to these facts if called by the Court.

4.     Attached hereto as Exhibit A is a true and correct copy of Plaintiff's First Set of Interrogatories, which was served on Defendant, and has been responded to.

5.     Counsel for Plaintiff did not contact attorneys for Cape Air to discuss a LR 37.1 Stipulation.

6.     All the statements of fact set forth in this Declaration are true and correct to the best of my knowledge.

Executed this 23rd day of May 2007.

_____
DAVID LEDGER

4826-2555-9041.3.056785-00005

# EXHIBIT

# "A"

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

Attorneys for Plaintiff
*Tiffany Anne Nicholson*

IN THE DISTRICT COURT OF GUAM

--------

| | | |
|---|---|---|
| TIFFANY ANNE NICHOLSON, | ) | CIVIL CASE NO. CV 06-00027 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF'S FIRST SET** |
| | ) | **OF INTERROGATORIES** |
| HYANNIS AIR SERVICE, INC. | ) | **TO DEFENDANT** |
| d.b.a. CAPE AIR, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**To:    Defendant, HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR, and
their attorneys of record, CARLSMITH BALL LLP.**

COMES NOW, Plaintiff, TIFFANY ANNE NICHOLSON, by and through her counsel

of record, Phillip Torres, Esq., of the law offices of Teker Torres & Teker, P.C., and hereby

request that Defendant, HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR, answer the

following interrogatories, under oath within thirty (30) days from the date of service thereof

pursuant to Rule 33 of the Federal Rules of Civil Procedure.

–1–

RECEIVED
CARLSMITH BALL
DATE: 05.22.07  TIME: 11:29 AM

ORIGINAL

## INSTRUCTIONS

1)      All information to be divulged which is in the possession of Defendant, its attorneys, investigators, agents, employees or other representatives.

2)      These interrogatories are deemed to be continuing in nature and if Defendant or any of Defendants' employees, agents or attorneys discover additional information as to matters inquired into by these interrogatories, between the time the answers are made and the date of trial, supplemental answers shall be made informing Plaintiff and Plaintiff's attorney as to the newly discovered information as provided by Rule 26 of the Rules of Civil Procedure for the Superior Court of Guam.

3)      Where identification of a document is required, you may supply copies of such documents instead of providing the requested identification.

4)      Where you are asked to identify a person, provide all the following information known to you: (a) full name; (b) person's current employer; (c) current job title; (d) current business address and telephone number; and (e) current residential address and telephone number.

5)      Where you are asked to identify a document, provide all of the following information known to you: (a) date it was prepared; (b) the person or persons who prepared the document; (c) the recipient or recipients of the document; (d) current location and custodian of the document; and (e) description of the document's contents.

6)      Separately for each response given to each and every one of these interrogatories, identify the person other than counsel, responsible for providing the information for, or formulating such responses and identify each document relied on in

−2−

formulating such response.

## DEFINITIONS

As used throughout these interrogatories:

1) The term "you", or "your" refers to Defendant HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR and/or its agents or employees.

2) The term "Defendant" refers to any Defendant named in this action and/or their agents or employees.

3) The term "Plaintiff" refers to TIFFANY ANNE NICHOLSON, and/or her representatives.

4) The word "document" means all written and printed material including, without limitation, drafts, original and copies of letters, memoranda, facsimile communications, electronic mail ("e-mail") communications, telegrams, telexes, cables, handwritten notes, pamphlets, reports, records, working papers, agreements, charts, data sheets or any other paper in the possession, custody and control of Defendant, its agents or employees.

5) The word "identify" when used in connection with a document means to state the type of document (e.g., letter, memorandum, chart, etc.) and its date, author, title, addressee, present location and the custodian thereof.

6) The word "identify" when used in connection with a person means to state the full name, employer and business title, if any, and the address and telephone number of the business and residence.

7) As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, department, and other

–3–

units therein and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust estate, governmental agency, bureau or department.

8)     The term "representative" means any and all agents, employees, servants, or other persons acting or performing an act on behalf of Defendant HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each and every person by name, gender, address, telephone number and place of employment, that will or may be called by the Defendant as a witness in this litigation, and describe specifically the area or areas of expected testimony, the documents to be relied upon, if any, and state whether the persons so designated will or will not be an expert witness, and if so supply the data respecting such person that would be normally contained in a resume, curriculum vitae, or biographical summary of such a person.

### INTERROGATORY NO. 2:

Briefly describe the type of business entity of Defendant, including all names used by the business entity within the last 10 years, the identity of any and all officers, directors, chairman, vice-chairman, president and members of the board of directors in the years 2004 to the present and provide each persons last known address.

### INTERROGATORY NO. 3.

For each response given to each and every one of these interrogatories, identify the person other than counsel who assisted in the preparation of these responses and was

−4−

responsible for providing the information for, or formulating such responses and identify each document relied upon in formulating such response.

## INTERROGATORY NO. 4:

State the name, last known address, job title or position, gender and duties of all officers and other personnel of the Defendant, whether or not presently employed, who have had any duty or responsibility with respect to the hiring of employees, or in connection with the formulation of hiring practices and policies, from January 2000 until the present time.

## INTERROGATROY NO. 5:

Please describe in detail any and all job categories and/or pay groups held by Plaintiff throughout her employment with Defendant.

## INTERROGATORY NO. 6:

Please identify and summarize the contents of any records, memoranda, documents and/or other correspondence of any type concerning the promotion, job assignment, job classification and/or transfer of female employees developed and/or kept by the Equal Employment Opportunity officers, and/or any records of any kind dealing with female employment opportunities with the Defendant that were gathered, obtained received, prepared or kept in any manner by any such Equal Employment Opportunity officer for the period of January 2000 to present. Please identify the present custodian and location of such records, memoranda and/or other correspondence.

## INTERROGATORY NO. 7:

Please identify and provide dates of employment, title and last known address for all employees, officers and/or directors whose duties and/or responsibilities include or have

–5–

included participation on behalf of the Defendant in disciplinary grievance proceedings from January 2000 until the present.

**INTERROGATORY NO. 8:**

State the total number of employees of Defendant, including a separate number for female employees, and a separate number for female pilots employed by the Defendant from January 2000 until the present and their duty assignments for that period.

**INTERROGATORY NO. 9:**

Please state separately for each year, the number of employees and their gender, discharged, demoted, terminated and/or laid off, including temporary lay-offs, commencing with January 1, 2000 until the present.

**INTERROGATORY NO. 10:**

State whether the Defendant has ever received any complaints or petitions in the last 7 years from any of its employees alleging Title VII sex discrimination in any of the terms or conditions of employment utilized by the Defendant.

**INTERROGATORY NO. 11:**

Identify all persons responsible for the decision to discipline, demote and/or terminate Plaintiff, by stating for each such person:

    a)    His or her name;

    b)    Job title;

    c)    Length of experience with the Defendant; and

    d)    The reason each gave for the discipline, demotion and/or termination of the Plaintiff.

**INTERROGATORY NO. 12:**

Describe in detail any and all reasons, analysis and company policy(ies) and procedures utilized in making the decision to discipline, demote and/or terminate the Plaintiff.

**INTERROGATORY NO. 13:**

Describe in detail your policy for disciplining, demoting and/or terminating a pilot employee.

**INTERROGATORY NO. 14:**

Please identify any policy of insurance through which the Defendant was or is insured in any manner for the damages, claims or actions that have arisen out of the incident which is the subject of this lawsuit and state:

(a) The kind of coverage;

(b) The name and address of the insurance company;

(c) The name, address and telephone number of each named insured;

(d) The policy number;

(e) The limits of coverage for each type of coverage contained in the policy;

(f) Whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

(g) The name, address and telephone number of the custodian of the policy.

**INTERROGATORY NO. 15:**

Describe in detail the review process utilized by Defendant in September 2004 in its decision to discipline, demote or terminate Plaintiff including the follow-up independent review of the Company's decision to discipline, demote or terminate the Plaintiff and the

identity, job title and responsibilities of the persons involved in the initial review process and the independent review process.

**INTERROGATORY NO. 16:**

Identify the factors used in determining that a pilot is terminated and/or demoted by you including a written policy(ies) that may set forth information including, but not limited to, grounds for termination, grounds for demotion and procedure for terminating a pilot.

**INTERROGATORY NO. 17:**

Please describe in detail any and all employment and related training provided to the male pilots working in Guam at any time, including a description of the type of training provided, the dates and identity of the male pilots for which the training was provided and their success or failure of each training endeavor.

**INTERROGATORY NO. 18:**

Please describe in detail any and all employment and related training provided to the female pilots working in Guam at any time, including a description of the type of training provided, the dates and the identity of the female pilots for which the training was provided and their success or failure of each training endeavor.

**INTERROGATORY NO. 19:**

Until the date the Plaintiff stopped working for the Defendant, state whether there were any complaints regarding the quality of work performed by the Plaintiff, and if so, identify and describe in detail, including but not necessarily limited to:

    a)      Name of complainant;

    b)      Allegations of the complaint;

c) Date of complaint;

d) Investigation into the Complaint;

e) All persons involved in the investigation, and

f) Whether and how the complaint was resolved.

## INTERROGATORY NO. 20:

State whether there have been any complaints regarding the quality of work performed by any male pilots employed by the Defendant in Guam, and if so, describe in detail, including but not necessarily limited to:

a) Name of complainant;

b) Allegations of the complaint;

c) Date of complaint;

d) Investigation into the Complaint;

e) All persons involved in the investigation, and

f) Whether and how the complaint was resolved.

## INTERROGATORY NO. 21:

Who informed the Plaintiff that she was terminated and identify all persons who were present when the Plaintiff was terminated?

## INTERROGATORY NO. 22:

Please provide the identity of all female pilots that have voluntarily left the employment of the Defendant since 2000.

## INTERROGATORY NO. 23:

Please provide the identity of all male pilots that have voluntarily left the employment

of the Defendant since 2000.

**INTERROGATORY NO. 24:**

What persons are known to you to have personal knowledge of the incidents or violations that the company relied upon to terminate the Plaintiff?

**INTERROGATORY NO. 25:**

Please identify, from January 2000 to present, the dates upon which all employees in Guam, past or present, received employment training on Title VII of the Civil Rights Act of 1964, the dates of the training, who conducted the training, the length of the training, where it was given and whether the Guam employees received a certificate of successful completion of the training.

DATED at Hagåtña, Guam, this ⎯21st⎯ day of March, 2007.

**TEKER TORRES & TEKER, P.C.**

By ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
**PHILLIP TORRES, ESQ.**
Attorneys for Plaintiff
***Tiffany Anne Nicholson***

## CERTIFICATE OF SERVICE

I, David Ledger, hereby certify under penalty of perjury of the laws of the United States, that on the 23rd day of May 2007, I will cause to be served, via hand delivery, a true and correct copy of the **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO EXCEED DISCOVERY LIMITS; DECLARATION OF DAVID LEDGER; EXHIBIT A; CERTIFICATE OF SERVICE** upon Plaintiff's Counsel of record as follows:

> Phillip Torres, Esq.
> Teker Torres and Teker, P.C.
> 130 Aspinall Ave.
> Suite 2A
> Hagåtña, Guam 96910

Executed this 23rd day of May 2007 at Hagåtña, Guam.

_____
DAVID LEDGER

4826-2555-9041.3.056785-00005