TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Plaintiff*

FILED
DISTRICT COURT OF GUAM
JUL 0 3 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| TIFFANY ANNE NICHOLSON, | CIVIL CASE NO. CV 06-00027 |
| Plaintiff, | |
| vs. | **MOTION FOR PROTECTIVE ORDER** |
| HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR, | |
| Defendant, | |

Plaintiff Tiffany Anne Nicholson hereby moves the Court pursuant to Rule 26(c)(2) of the Federal Rules of Civil Procedure for an order directing that the deposition of Russell Price, scheduled to be taken in London England on August 7, 2007 instead be ordered taken in Guam. This motion is based on the grounds that Russell Price is an employee of the Defendant and the taking of his deposition outside of Guam is oppressive and creates undue burdens and additional and avoidable expenses upon Plaintiff. Plaintiff has in good faith conferred with Defendant's counsel in an effort to resolve the dispute without court action, but such effort was unproductive, as is more fully stated below.

ORIGINAL

# MEMORANDUM OF POINTS AND AUTHORITIES

## FACTUAL BACKGROUND

The undisputed facts of this case are that on September 28, 2006, Plaintiff filed her Complaint against Defendant Hyannis Air Service, Inc. d.b.a. Cape Air ("Cape Air") alleging unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. The parties have actively conducted discovery in this case which have included interrogatories, requests for production of documents and the taking of depositions, as well as exchanging disclosures as mandated by Rule 26(a) of the Federal Rules of Civil Procedure ("FRCP").

On February 16, 2007, Defendant provided Plaintiff with its Initial Disclosures. Within those initial disclosures it identified as a person with discoverable information, Russell Price. He was listed as the former Pacific Administrator for Cape Air who could only be contacted through Cape Air's law firm, Carlsmith Ball, LLP.

In late February and March, Plaintiff and Defendant worked together to schedule the depositions of officers, managers and employees of Cape Air. The depositions were to be conducted in May and one of the parties to be deposed was Russell Price. To accommodate the fact that many of Cape Air's employees are no longer in Guam the depositions were scheduled in Hyannis, Massachusetts, the corporate office of Defendant, as well as in Fort Lauderdale, Florida and Dallas, Texas.

Defendant's counsel accepted the Notice of Depositions for its management personnel and employees but refused to accept the Notice of Deposition for Russell Price, even though they had identified themselves as the contact for him in their initial disclosures. The undersigned was informed by Defendant's counsel that Russell Price was no longer employed and that they could not accept the Notice of Deposition informing Plaintiff that Russell Price would have to be subpoenaed

if he does not voluntarily agree to be deposed. Plaintiff's counsel requested that Defendant amend its Initial Disclosures accordingly and on March 1, 2007 Defendant's amended its Initial Disclosures to delete Carlsmith Ball, LLP as the contact for Russell Price and instead provided Plaintiff with Mr. Price's Cape Cod email address. No physical address was provided for Mr. Price.

On March 23, 2007, Plaintiff served a Notice of Deposition upon Defendant's counsel of record for the taking of Russell Price's Deposition in Hyannis, Massachusetts. (*See* Notice of Deposition of Russell Price scheduled for May 14, 2007 attached hereto as Exhibit "A".) Not being successful on contacting or locating Russell Price, Plaintiff, on April 10, 2007, served an Amended Notice of Deposition to take Russell Price's Deposition on May 23, 2007 in Hyannis, Massachusetts to afford Plaintiff additional time to contact Mr. Price. (*See* Amended Notice of Deposition of Russell Price attached hereto as Exhibit "B".) That deposition was cancelled because of failure to communicate with Mr. Price.

On May 17, 2007, Plaintiff conducted the deposition of Defendant's Human Resource's Manager, Linda Markham, in Hyannis, Massachusetts. During that deposition, the following exchange occurred, as documented on pages 48 and 49 of Linda Markham's Deposition Transcript attached hereto as Exhibit "C".

| | | | |
|---|---|---|---|
| Torres: | Q. | My understanding is Russell is no longer with the company? | |
| Markham: | A. | Russell is on LOA from the company. | |
| Torres: | Q. | And how long is somebody allowed to take a leave of absence? | |
| Markham: | A. | Our pilots are allowed to take 12 months. | |
| Torres: | Q. | Do you know where he is at this time? | |
| Markham: | A. | My understanding is that he is in Ireland. | |
| Torres: | Q. | And is he still considered an employee when he's on leave of | |

| | | | |
|---|---|---|---|
| 1 | | | absence? |
| 2 | Markham: | A. | Yes. He's on the seniority list. |
| 3 | Torres: | Q. | And do you know when he took that leave of absence? |
| 4 | Markham: | A. | When he left his position as regional administrator. I don't have an exact date. |
| 5 | Torres: | Q. | Last November? Does that sound about right? |
| 6 | Markham: | A. | Roughly, yes. |

Plaintiff has been served with a Notice for the deposition of Russell Price in London England on August 7, 2007. Plaintiff and Defendant have exchanged correspondence about the deposition of Russell Price. Plaintiff's counsel has informed Defendant that London England is an inappropriate place for the deposition and that it should be held on Guam. Defendant disagrees and despite communications on the issue, as required by Local Rule 37.1 of the FRCP, no resolution of the dispute has been reached.

## LEGAL ANALYSIS

Rule 26(c) of the FRCP provides that a party may move for a protective order "...on matters relating to a deposition, ...which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..." Rule 26(c)(2) states that the authority of the Court for protective orders includes, "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place."

The general rule is that oral examination is held in the district where the action is pending. *Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157 (D.P.R. 1973). Plaintiff has made it clear to Defendant that it does not oppose the deposition of Russell Price but she does oppose having the deposition taken in London England. It is proper for Russell Price's deposition to be held in Guam

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

where the action is pending, where the acts complained of occurred, where Russell Price lived and where Defendant does business.

The parties went to Defendant's headquarters in May to take depositions of Defendant's management personnel and employees. Plaintiff traveled from her home in Virginia to attend the depositions. During the deposition of Defendant's Human Resource's Manager, Linda Markham, Plaintiff learned for the first time that Russell Price is in fact an employee of Defendant who is on leave of absence. Ms. Markham's representation was 180° opposite from representations made by Defendant's counsel that Russell Price is not an employee of the company. Furthermore, it appears that Russell Price is living in Ireland but is agreeing to be deposed in London England further demonstrating that the Defendant has influence and control over the witness regarding the location of the deposition.

In evaluating a motion for a protective order, Courts must balance out costs and burdens to each side. ***Benchmark Design, Inc. v. BDC. Inc.***, (1989) 125 F.R.D. 511, 512. Defendant was aware that Plaintiff desired to take Russell Price's deposition during the May trip to the mainland but instead waited until the depositions were concluded to notice Russell Prices' deposition for London, England, thereby creating additional travel, costs and time away from Guam for Plaintiff's counsel and time away from Virginia for Plaintiff. Defendant is clearly in a superior position to afford the time and expenses required for a London deposition and its timing of the Notice of Deposition certainly requires Plaintiff to incur additional, unreasonable expenses. All of these factors and costs could have been mitigated or eliminated if Defendant had revealed that Russell Price was an employee. Had Defendant accepted the Plaintiff's Notice of Deposition, Russell Prices' deposition could have been incorporated in the May deposition schedule with little additional time and expense.

In Plaintiff's depositions, Plaintiff used a deposition binder containing over fifty (50) deposition exhibits. The deposition of Russell Price would involve most if not all of the same deposition exhibits reviewed in other depositions plus additional exhibits. That would make a telephonic deposition highly impractical and prejudicial given the number of exhibits and the inability to observe the deponent and assess his credibility.

Defendant should have produced Russell Price at its headquarters in Massachusetts or at least informed Plaintiff that Russell Price was Defendant's employee residing in Ireland and perhaps his deposition could've been taken in or near where he resides as part of the trip to Massachusetts. However, to require another trip out of the country to take a single deposition of Russell Price is an annoyance for the Plaintiff, is oppressive to the Plaintiff and creates an undue burden and additional expenses, especially when Defendant waited until the mainland trip is over to notice Russell Prices' deposition. Plaintiff should not to incur the cost of travel to London England to take the deposition of Russell Price. Plaintiff requests that the Court order that the deposition of Russell Price be taken on Guam at a time and place agreed upon by the parties.

DATED this 3rd day of July, 2007.

TEKER TORRES & TEKER, P.C.

By: _____
PHILLIP TORRES, ESQ.
*Attorneys for Plaintiff*

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

# EXHIBIT A

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

3/23/07  5:18 pm

Attorneys for Plaintiff
*Tiffany Anne Nicholson*

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| TIFFANY ANNE NICHOLSON, | ) | CIVIL CASE NO. CV 06-00027 |
| Plaintiff, | ) | |
| vs. | ) | NOTICE OF DEPOSITION |
| HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR, | ) | |
| Defendant, | ) | |

TO: Defendant HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR and its attorneys of record, DAVID P. LEDGER, ESQ., CARLSMITH BALL LLP, Bank of Hawaii Building, Suite 401, 134 West Soledad Avenue, Hagåtña, Guam 96910.

PLEASE TAKE NOTICE that on **Monday, May 14, 2007**, at the hour of **9:00 A.M.**, at 660 Barnstable Road, Barnstable Municipal Airport, North Ramp, Hyannis, Massachusetts 02601, the undersigned will take the deposition of **RUSSELL PRICE**, whose address is known to you, upon oral examination pursuant to Rule 30, Rules of Civil Procedure. Said deposition will take place before a notary public or other officer authorized to administer oaths and will continue from day to day, Saturdays, Sundays and holidays excepted until completed. Deposition shall be recorded by audiotape

or stenographic means. You are invited to attend and cross examine.

Dated at Hagåtña, Guam, on March 23, 2007.

TEKER TORRES & TEKER, P.C.

By: /s/ Phillip Torres
PHILLIP TORRES, ESQ.
*Attorneys for Plaintiff*

H:\COMMON\USERS\CLIENT FOLDERS\#PLEADINGS\NICHOLSON, TIFFANY -Wrongful Termination\022 PRICE DEPO NTC.wpd

# EXHIBIT B

```
 1  TEKER TORRES & TEKER, P.C.
    SUITE 2A, 130 ASPINALL AVENUE
 2  HAGÅTÑA, GUAM 96910
    TELEPHONE: (671) 477-9891-4
    FACSIMILE: (671) 472-2601
 3

 4  Attorneys for Plaintiff
    Tiffany Anne Nicholson
 5

 6

 7

 8              IN THE DISTRICT COURT OF GUAM

 9              ___

10  TIFFANY ANNE NICHOLSON,      )   CIVIL CASE NO. CV 06-00027
                                 )
11           Plaintiff,          )
                                 )
12      vs.                      )   AMENDED NOTICE TO
                                 )   TAKE DEPOSITION
13  HYANNIS AIR SERVICE, INC.    )
    d.b.a. CAPE AIR,             )
14                               )
             Defendant.          )
15  _____)

16  TO:  Defendant HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR and its attorneys of record,
         DAVID P. LEDGER, ESQ., CARLSMITH BALL LLP, Bank of Hawaii Building, Suite
17       401, 134 West Soledad Avenue, Hagåtña, Guam 96910.

18       PLEASE TAKE NOTICE that on Wednesday, May 23, 2007, at the hour of 1:30p.m.., at

19  the Holiday Inn, 1127 Route 132, Hyannis Room, Hyannis, Massachusetts 02601, the undersigned

20  will take the deposition of RUSSELL PRICE, whose address is known to you, upon oral examination

21  pursuant to Rule 30, Rules of Civil Procedure. Said deposition will take place before a notary public

22  or other officer authorized to administer oaths and will continue from day to day, Saturdays, Sundays

23  and holidays excepted until completed. Deposition shall be recorded by audiotape or stenographic
```

means. You are invited to attend and cross examine.

Dated at Hagåtña, Guam, on April 10, 2007.

TEKER TORRES & TEKER, P.C.

By: /s/ Phillip Torres
PHILLIP TORRES, ESQ.
*Attorneys for Plaintiff*

H:\COMMON\USERS\CLIENT FOLDERS\#PLEADINGS\NICHOLSON, TIFFANY -Wrongful Termination\822A PRICE DEPO NTC.wpd

# EXHIBIT C

```
                IN THE DISTRICT COURT OF GUAM

                              CERTIFIED COPY
                                C.A. No.: CV 06-0027


                                              )
TIFFANY ANNE NICHOLSON,                       )
         Plaintiff,                           )
vs.                                           )
                                              )
HYANNIS AIR SERVICE, INC.                     )
d.b.a. CAPE AIR,                              )
         Defendant.                           )
                                              )




                       DEPOSITION OF

                       LINDA MARKHAM

                    HYANNIS, MASSACHUSETTS

                        MAY 17, 2007




ATKINSON-BAKER, INC.
COURT REPORTERS
(800) 288-3376
www.depo.com


REPORTED BY:  Patricia Bracken, CSR No. 1455898




FILE NO.: A102878
```

                                                                        1

```
 1  directly to the director of safety.  I have seen
 2  employees misuse these reports and send them to me
 3  for, you know, something like building safety.
 4  That's not the intent of the form.
 5          Q.   Okay.  Were you involved in the decision
 6  to terminate Tiffany?
 7          A.   Yes.
 8          Q.   Who else was involved in it?
 9          A.   Larry Gaultieri.
10          Q.   Anybody else?
11          A.   Steve Phillips.
12          Q.   Anyone else?
13          A.   Are you saying involved in the decision
14  or involved meaning they gave input?
15          Q.   Involved in the decision.
16          A.   I believe Russell Price.
17          Q.   My understanding is Russell is no longer
18  with the company?
19          A.   Russell is on LOA from the company.
20          Q.   And how long is somebody allowed to take
21  a leave of absence?
22          A.   Our pilots are allowed to take 12 months.
23          Q.   Do you know where he is at this time?
24          A.   My understanding is that he is in
25  Ireland.
```

```
 1         Q.   And is he still considered an employee
 2   when he's on leave of absence?
 3         A.   Yes.  He's on the seniority list.
 4         Q.   And do you know when he took that leave
 5   of absence?
 6         A.   When he left his position as regional
 7   administrator.  I don't have an exact date.
 8         Q.   Last November?  Does that sound about
 9   right?
10         A.   Roughly, yes.
11         Q.   And do you know if he's flying or if he's
12   just on vacation?
13         A.   My understanding is he's working.
14         Q.   Do you know the airline?
15         A.   I recall hearing it.  I don't recall the
16   name of it.  It's an Irish name.  Erin Air I think
17   or something like that.
18         Q.   E-R-I-N?
19         A.   I believe so.
20         Q.   Does that create any issues if he flies
21   for somebody else?  Like say he took a leave of
22   absence and went to work for somebody else?
23         A.   That's why we have the policy in place
24   because pilots are so hard to recruit that they
25   give them an LOA for 12 months in hopes that they
```