**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Plaintiff*

FILED
DISTRICT COURT OF GUAM
JUL 23 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| TIFFANY ANNE NICHOLSON, | ) | CIVIL CASE NO. CV 06-00027 |
| Plaintiff, | ) | |
| vs. | ) | **L.R. 37.1 STIPULATION** |
| HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR, | ) | |
| Defendant, | ) | |

The parties stipulate to the following discovery dispute:

1. Plaintiff states that the parties have exchanged correspondence on at least five occasions starting on June 15, 2007 discussing their unresolved discovery dispute over the appropriate location for the deposition of Russell Price which was noticed for London, England on August 7, 2007. Plaintiff objects to London, England as the site asserting that Russell Price is a stated employee of the Defendant and the taking of his deposition outside of Guam is oppressive and creates undue burdens and additional and avoidable expenses upon Plaintiff.

2. Plaintiff states that on June 15, 2007, counsel for Plaintiff sent counsel for Defendant

a letter stating Plaintiff's position on the Price deposition and disputed the appropriateness of London, England as the deposition site. On June 18, 2007 Defendant's counsel responded and outlined Defendant's position that London was the proper site. The parties never meet to confer on the dispute although offers to meet and confer were extended by Plaintiff's counsel on June 15, 2007, June 19, 2007 and June 20, 2007.

3.  Defendant states that:

    a.  Cape Air is not and was not required to produce Russell Price for a deposition as he is not an employee of Cape Air. After terminating his employment and all benefits he received as an employee, his only remaining connection with Cape Air is availing himself of the Company's Leave of Absence option. As outlined in Cape Air's employment documentation, a pilot who takes advantage of LOA has their Pilot seniority and benefits frozen in the event they choose to seek re-employment at Cape Air. However, re-employment is not guaranteed. Rather, a pilot who has terminated his or her employment can only return to flying if Cape Air has a position available. A pilot availing him or himself of the LOA option has no obligation to report to or maintain any contact or communication with Cape Air. If he or she chooses not to re-apply for employment with Cape Air, the pilot need not notify Cape Air of that decision.

    b.  Russell Price has no present managerial capacity with Cape Air.

    c.  Russell Price is employed by an airline in Ireland. He is a resident of Ireland. Cape Air does not keep track of Mr. Price's whereabouts. Neither the Court nor Cape Air has have authority to compel Mr. Price to attend the trial in this case. In fact, only a judicial authority in the U.S. could, upon request by Letters of Rogatory from the District Court of Guam, compel Mr. Price to participate in this litigation.

    d.  Cape Air has disclosed Russell Price's email address to Plaintiff. Cape Air has

no authority to compel Mr. Price to communicate with Plaintiff. Mr. Price's decision whether or not to communicate with Plaintiffs Counsel is his decision and his decision alone.

  e. Mr. Price's willingness to attend a deposition in London is of his own will. Mr. Price agreed to travel from his residence in Ireland to London for the deposition upon assurance of reimbursement of expenses for doing so solely to ease slightly the travel burden for both Plaintiff and defense Counsel as their journey from Guam to London is a long one. If Mr. Price was unwilling to attend his deposition, his attendance could only be compelled through Letters Rogatory from the District Court of Guam and on an Order from a judiciary authority in the U.K.. Pursuant to Federal Rule of Civil Procedure 45, Mr. Price can only be compelled to travel less than 100 miles to attend a deposition. Guam is more than 100 miles away from London. Parties also have the obligation to reduce the burden or expense on a person subject to a subpoena. Mr. Price would incur great expense to travel to Guam to take a one-day deposition and, in any event, does not have sufficient days off from his Pilot work to travel to Guam, prepare for and sit for a deposition, and return to Ireland.

  f. Counsel for Cape Air elected to depose Mr. Price in London, as opposed to Ireland, because counsel is experienced and familiar with arranging foreign depositions in London. (See Notice of Deposition at Anglo American Court Reporters).

  g. Counsel for Plaintiff is fully able to participate in the deposition by video conference or phone. Plaintiffs Counsels representation to the Court about deposition exhibits being too numerous to effectively manage during a telephone deposition is self-serving false hyperbole. In fact, as a Trial preservation deposition, the exhibits would be few, pre-marked, and provided to Plaintiffs Counsel in advance of the deposition.

  h. Counsel for Plaintiff did not satisfy his obligation to meet and confer regarding this discovery dispute.

4. A discovery dispute continues to exist as to the location of Defendant's deposition of Russell Price.

5. Plaintiff seeks a protective order requiring that the deposition of Russell Price be taken on Guam at a time and place agreed upon by the parties.

6. Defendants desire to move forward with the deposition in London, England.

**SO STIPULATED.**

**TEKER TORRES & TEKER, P.C.**

Dated: July 23, 2007.

By: *(signature)*
PHILLIP TORRES, ESQ.
Attorneys for Plaintiff

**CARLSMITH BALL, LLP**

Dated: July 23, 2007.

By: *(signature)*
ELYZE J.T. MCDONALD, ESQ.
Attorneys for Defendant