**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Plaintiff*

**FILED**

DISTRICT COURT OF GUAM

JUL 3 1 2007

**MARY L.M. MORAN
CLERK OF COURT**

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| TIFFANY ANNE NICHOLSON, | ) CIVIL CASE NO. CV 06-00027 |
| | ) |
| Plaintiff, | ) |
| | ) **PLAINTIFF'S REPLY TO** |
| vs. | ) **DEFENDANT'S OPPOSITION TO** |
| | ) **MOTION FOR PROTECTIVE ORDER** |
| HYANNIS AIR SERVICE, INC. | ) |
| d.b.a. CAPE AIR, | ) |
| | ) |
| Defendant, | ) |
| _____ | ) |

Defendant opposes Plaintiff's Motion for Protective Order seeking relief from the Deposition

of Russell Price in London, England ("Price").

**I.     THE COURT HAS THE AUTHORITY TO ISSUE A
        PROTECTIVE ORDER TO AVOID INJUSTICE.**

Plaintiff has filed her Motion for Protective Order pursuant to Rule 26(c) of the Federal Rules

of Civil Procedure ("F.R.C.P.") and the equitable powers of the Court. Rule 26(c) states in part that

a party may move for protective order "...on matters relating to a deposition, ...which justice requires

protected party or person from annoyance, embarrassment, oppression, or undue burden or expense."

**ORIGINAL**

1    The Court clearly has the authority to issue a protective order pursuant to Rule 26(c)(2) which states

2    "that the disclosure of discovery may be had only on specified terms and conditions, including a

3    designation of time and place." In evaluating a Motion for Protective Order, the Courts must balance

4    out costs and burdens to each side. *Benchmark Design, Inc. v. BDC. Inc.*, (1989) 125 F.R.D. 511,

5    512. District Courts have broad discretion in its resolution of discovery problems that arise in cases

6    pending before it. *Naartex Consulting Corp. v. Watt, 722 F.2d 779, (C.A.D.C.1983)*. The Court

7    also has wide discretion in selecting the place of examination and the attaching conditions

8    concerning the payment of expenses. "It is within sole discretion of the Courts to designate a

9    location of the place of depositions; each application must be considered on its own facts and

10   equities." *Terry v. Modern Woodmen of America*, 57 F.R.D. 141 (1968). The Court, in its exercise

11   of its discretion in authorizing to the taking of oral depositions, "may consider the relative burdens

12   placed upon the parties, and in that connection expense..." *Gitto v. "Italia," Societa Anonima Di*

13   *Navigazion Genova, 28 F.Supp. 309 (1939).*

14       Plaintiff is entitled to attend the deposition of Price but argues that being required to go to

15   London to attend a deposition at her own cost, under the circumstances of this case, is exactly what

16   Rule 26(c) is designed to address. The granting or denying of a request for discovery is a matter

17   within discretion of trial court. *Tiedman v. American Pigment Corp., 253, F.2d 803 (C.A. 4 Va.*

18   *1958)*

19       **II.      DEFENDANT'S RELIANCE ON FRCP RULE 45 IS MISPLACED.**

20       In its opposition, Defendant states that Price is a non-party witness whose attendance at the

21   deposition is limited by Rule 45 of the Federal Rules of Civil Procedure ("FRCP"). Rule 45 is the

22   rule for subpoenaing a witness to attend trial or a hearing or attend a deposition. The Rule states the

23   requirements of the subpoena, its manner of service and protection of persons subject to subpoenas

1   (Rule 45(a)(b) and (c)).  In this case, neither Plaintiff nor Defendant have issued a subpoena

2   compelling the attendance of Price at Deposition or Trial.  It is difficult to ascertain why is focusing

3   on issuing a subpoena when one is not pending.

4         Further, Defendant contends that  the only way to compel the attendance by a non-party at

5   a deposition is via a subpoena.  However, Defendant contends that they have scheduled the

6   deposition of a non-party without issuing a subpoena.  It is obvious that Defendant is attempting to

7   sidestep the real issue here, and that is their failure to disclose Mr. Price's contact information as

8   required by FRCP rule 26 (a) (1) (A).  By not disclosing Mr. Price's contact information, Defendant

9   effectively hid Mr. Price which allowed Defendant to issue its own Notice of Deposition after

10   completion of the stateside depositions in may with its obvious oppressive effect causing undue

11   burden, additional unnecessary time and costs and annoyance.

12   **III.**    **DEFENDANT FAILED TO DISCLOSE PRICE'S CONTACT**
              **INFORMATION AS REQUIRED.**

13

14   FRCP Rule 26 (a)(1)(a) provides in relevant part:

15      A party must, without awaiting a discovery request provide to other parties the name
     address and telephone number of each individual likely to have discoverable
16      information that the disclosing party may use to support its claims or defenses....

17         Further, the Federal Rules impose a continuing duty to supplement and correct the

18   disclosures previously made if the information provided is incomplete or incorrect.

19         On February 20, 2007, Defendant served their Initial Disclosures identifying Mr. Price as a

20   witness and former employee of Cape Air and indicated that Mr. Price may be contacted through

21   defense counsel's office.   When Plaintiff informed Defendant that Mr. Price was one of the

22   upcoming depositions Defendant informed Plaintiff that it did not represent Price and would not

23   accept.  Plaintiff requested that Defendant amend its disclosures.  On March 1, 2007, Defendant

1  amended their Initial Disclosures and stated that Mr. Price was a former employee and provided an

2  email address for him. In response, Plaintiff repeatedly requested Mr. Price's last known address

3  and contact information as we were interested in taking his deposition. The only information ever

4  provided by Defendant was an email address for Mr. Price.

5  In Plaintiff's First Request for Interrogatories, Plaintiff requested the name, address and

6  telephone numbers of Defendant's witnesses. No designation or information of Russell Price was

7  provided. Additionally, Plaintiff requested the production of Mr. Price's personnel file, which has

8  never been produced despite repeated assurances that the documents were forthcoming. On multiple

9  occasions counsel for Plaintiff communicated to Defendant her interest in deposing Mr. Price. In

10  fact, this office issued two deposition notices scheduling the his deposition. *See* copy of the

11  deposition notices attached to the Declaration of Phillip Torres ("Torres Declaration") as Exhibit

12  "1".

13  It is disingenuous for Defendant to allege that Plaintiff is attempting to prevent Mr. Price

14  from testifying. On no less than eleven (11) occasions does Defendant impugn the integrity motives

15  or veracity of the Plaintiff and her counsel and fails to disclose to the Court that it has failed to

16  comply with the Rules. The facts reveal that Defendant has done its best to hide Price from Plaintiff

17  and make discovery of Price's testimony as expensive and time consuming as possible.

18  Discovery in this matter began in February, at which time the undersigned and counsel for

19  Defendant, Elyze McDonald, cooperated and scheduled the deposition of the Plaintiff who resides

20  in the state of Virginia. Plaintiff and Defendant cooperated in setting the depositions of the other

21  principle witnesses in this case. In the spirit of cooperation, the parties decided to conduct the

22  depositions in Hyannis, Massachusetts even though all the acts complained off occurred on Guam

23  and the Defendant maintains a base of operations in Guam. Plaintiff also agreed to Defendant's

1  request that depositions of two of its pilots be held in Fort Lauderdale, Florida because that was a
2  more convenient venue for the depositions.

3  Despite differences the parties have regarding interrogatories and production of documents,
4  the parties worked together to coordinate the depositions, except for the deposition of Russell Price.
5  As a result, Plaintiff and her counsel expended significant time and expense to fly to Massachusetts,
6  to Florida and then to Dallas during the month of May to conduct the depositions of Defendants
7  employees. Plaintiff traveled from her home in Virginia to attend the Massachusetts depositions.
8  All along Defendant contended that Price was not an employee and that they did not know where
9  he was located. To Plaintiffs surprise, during the deposition of Linda Markham, Defendant's
10  Director of Human Resources, it was discovered that Price was indeed still an employee and simply
11  on a leave of absence. *See* copy of an excerpt of the deposition testimony of Linda Markham
12  attached to the Torres Declaration as Exhibit "2."

13  Before the undersigned had even arrived back from the trip in May, an email from
14  Defendant's counsel, David Ledger, was received informing him of the Defendant's intention to take
15  the deposition of Russell Price in London, England. *See* copy of the email attached to the Torres
16  Declaration as Exhibit "3." Obviously, counsel for Defendant and Defendant itself possessed Price's
17  contact information and could have easily obtained his address, telephone number and place of
18  employment by just asking him. Defendant has a continuing duty to supplement its Disclosures and
19  Answer to Interrogatories. Why would Defendant not disclose this information which is clearly a
20  violation of the FRCP? All the parties were present in Hyannis. That was the perfect venue to
21  disclose the information. It would have been more cost effective for the parties to travel from
22  Boston to London to depose Price instead of Defendant waiting until counsel arrived back in Guam
23  to inform Plaintiff of its intent to depose Russell Price. The answer is clear. Defendant is the trying

1    to make it as difficult and expensive as possible for Plaintiff .

2       Plaintiff agrees that Price is a key witness because Price is the person who orchestrated the

3    termination of Plaintiff. Plaintiff always intended to depose Price, which is evidenced by the two

4    deposition notices previously served by this office. In fact, Plaintiff attempted to depose Price in

5    Hyannis but only had an email address, which fielded no responses. Plaintiff relied on Defendant's

6    representation that Price was no longer an employee and it was a complete surprise when Linda

7    Markham stated that Price was an employee on a leave of absence. Obviously, Defendant is in

8    communication with Mr. Price and had the ability to obtain the information necessary and comply

9    with its duty under the F.R. C.P.

10       Once Plaintiff learned of Defendant's intentions, Plaintiff promptly objected to having to bear

11    the additional time and expense of flying to London to depose Price. Notwithstanding Defendant's

12    contentions, Plaintiff did try to meet and confer with counsel to attempt to reach an informal

13    resolution of this discovery dispute, as required. *See* copy of correspondence attached to the Torres

14    Declaration as Exhibits "4, 5 and 6". Counsel for Defendant did not respond to telephone calls or

15    email correspondence inviting dialogue regarding this issue. Counsel cannot force his counterpart

16    to meet. Unfortunately, as the date for the deposition was approaching, Plaintiff had no choice but

17    to seek Court intervention and file its Motion for Protective Order.

18       Instead of addressing the issues at hand, in its opposition, Defendant chooses to mislead the

19    Court and pretend that Plaintiff is trying to prevent Price from being deposed, a proposition that is

20    entirely not true and not supported by conduct and communications on the part of Plaintiff. Even

21    now, Defendant still has not disclosed the employment address and contact information for Price.

22    Further, Defendant's failure to disclose this information and comply with the FRCP, deprived

23    Plaintiff of the opportunity to attempt to come to an agreement and take this deposition at a mutually

1    convenient time and place. Defendant argues that Price has a choice whether he wants to

2    communicate with Plaintiff's counsel, that may be true. However, Defendant does not have a choice

3    whether it will comply with the FRCP and provide the address, telephone number and employment

4    address of Price.

5    This is yet another example of a large corporate Defendant taking advantage of an individual

6    Plaintiff who has already suffered great harm at the hands of Cape Air. It not fair and it is unjust to

7    allow Defendant to take the deposition of a "key" witness in London, despite their failure to comply

8    with the rules. Especially, in light of the time and expense already incurred by Plaintiff.

9    **IV.  PRICE IS EMPLOYED BY CAPE AIR AND SHOULD BE PRODUCED FOR DEPOSITION AS AN EMPLOYEE.**

10

11    Defendant argues that it has no influence over Price, that Price is not an employee, that he

12    has been terminated by the company and is on leave of absence. Defendant, through Linda

13    Markham, states that Price can "choose" to return to service but is not guaranteed a position. *See*

14    Exhibit "2" of the Torres Declaration). To say that Defendant has no influence over the actions of

15    Price defies logic. Since Price is not guaranteed a job if he wants to return to flying with Defendant,

16    it is logical to assume his "cooperation" is influenced by Defendant, especially since Price has not

17    been subpoenaed and has agreed to be deposed in London, a location that may or may not be more

18    than a hundred (100) miles from his residence. According to counsel for Defendant, he will be

19    taking an entire day prepping Price for his deposition and an entire day deposing him. This clearly

20    evidences Defendant's control and influence over Price and also suggests that Defendant has

21    undertaken the legal representation of Russell Price.

22    Defendant states that Russell Price is not an employee yet fails to inform the Court that Price

23    is a shareholder of Cape Air, not just a pilot. In support of this contention, Defendant submits the

1 Declaration of Linda Markham and excerpts from their Handbook and Operating Manual. In her

2 deposition, Linda Markham was asked whether Russell Prices was considered an employee when

3 he is on leave of absence and her response, as noted on page 49 in her transcript of her deposition,

4 she stated, "Yes. He is on the seniority list." *See* Exhibit "2" to the Torres Declaration) In follow

5 up questions as to when he left his position with Defendant, Ms. Markham was asked whether that

6 happened in November 2006, her response was "roughly, yes." In follow up questions to that

7 response she was asked whether or not she knew the name of the airline that Russell Price was

8 currently working for and her response was, "Erin Air I think or something like that." Counsel for

9 Plaintiff used this testimony in an attempt to locate Price, however, despite our best efforts, were not

10 able to locate any such airline or Russell Price.

11 Prior to giving any answers in the deposition, Ms. Markham was placed under oath to tell the

12 truth, the whole truth and nothing but the truth. In the Declaration attached to Defendant's

13 Opposition, Ms. Markham takes a completely different tact. She states in paragraph 4 of her

14 Declaration that Mr. Price terminated his employment, directly implying that he is not an employee

15 and directly contradicting her testimony given on May 17, 2007. Ms. Nicholson had the opportunity

16 to review her deposition and correct any response. The review period has expired and the Court

17 Reporter reported no changes to the responses. *See* Exhibit 9 of the Torres Declaration.

18 It appears as though Plaintiff is characterizing Price as a former employee to make it as

19 difficult as possible for Plaintiff to take his deposition at a reasonable location. Defendant's own

20 leave of absence policy characterizes a person on a leave of absence as an employee. *See* a copy of

21 Cape Air's Leave of Absence Policy attached to Defendant's Opposition to Plaintiffs Motion for

22 Protective Order as Exhibit "A".

23 ///

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

1    **V.    TELEPHONIC DEPOSITION IS UNREALISTIC.**

2           The reality is that London is an unreasonable location for this deposition. In addition to the

3    time and expense involved, there is no reasonable relation between London and this ligation.

4    Defendant contends that Plaintiff can attend the deposition by telephone. Defendant contends that

5    it is taking a trial deposition. Plaintiff has numerous exhibits that she will be using during this

6    deposition. If a dispute occurs and Russell Price is instructed not to answer or refuses to answer

7    there is no immediate recourse as to the relevancy or appropriateness of the questioning because we

8    are not in Guam. Additionally, there is a significant ten (10) or eleven (11) hour time  difference

9    between Guam and London. Plaintiff would be taking Price's deposition in the middle of the night.

10          **VI.    CONCLUSION.**

11          Plaintiff respectfully requests that the Court grant its Motion for Protective Order. Further,

12   that the Court order that the deposition of Russell Price be taken on Guam at a time and place agreed

13   upon by the parties.

14          DATED this 31st day of July, 2007.

15                                                    **TEKER TORRES & TEKER, P.C.**

16

17                                          By

18                                             **PHILLIP TORRES, ESQ.**
                                                *Attorneys for Plaintiff*

19

20

21

22

23

1

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
2   HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601
3

4   *Attorneys for Plaintiff*

5

6

7

8                    IN THE DISTRICT COURT OF GUAM

9                              ----------

10  TIFFANY ANNE NICHOLSON,              )   CIVIL CASE NO. CV 06-00027
                                         )
11              Plaintiff,               )
                                         )
12          vs.                          )   **DECLARATION OF COUNSEL**
                                         )
13  HYANNIS AIR SERVICE, INC.            )
    d.b.a. CAPE AIR,                     )
14                                       )
                Defendant,               )
15  _____)

16          PHILLIP TORRES hereby declares as follows:

17          1.      I am the attorney of record for Plaintiff, Tiffany Anne Nicholson, and make this

18  Declaration on personal knowledge.

19          2.      On March 23, 2007 Plaintiff served Defendant with a notice of deposition of Russell

20  Price. On April 10, 2007, Plaintiff served an amended notice of deposition of Russell Price. *See*

21  Exhibit "1" attached hereto and incorporated herein by reference.

22          3.      During the deposition of Linda Markham, Defendant's Director of Human Resources,

23  it was discovered that Price was indeed still an employee and simply on a leave of absence. *See* copy

ORIGINAL

of an excerpt of the deposition testimony of Linda Markham is attached hereto as Exhibit "2"and incorporated herein by reference.

4. En route back to Guam after attending the depositions stateside I received an email from Defendant's counsel, David Ledger, informing me of his intentions of taking Russel Price's deposition in London, England. ***See*** Exhibit "3" attached hereto and incorporated herein by reference. I had not received any prior notice of David Ledger's intention to do so.

5. On June 15, 2007, I wrote to Defendant's counsel stating my objections to a deposition in London and inviting them to meet and confer. ***See*** Exhibit "4" attached hereto and incorporated herein by reference.

6. On or about June 19, 2007, I sent David Ledger an email in response to his email again inviting him to meet and confer. ***See*** Exhibit "5" attached hereto and incorporated herein by reference.

7. On or about July 4, 2007, I sent David Ledger an email response regarding Plaintiff's Motion for Protective Order inviting him to meet and confer. ***See*** Exhibit "6" attached hereto and incorporated herein by reference.

8. At no time in response to the requests to meet and confer did Defendant's counsel ever agree to do so or ever do so. I cannot force counsel to meet with me and the request to meet and confer were numerous and reasonable.

9. On February 16, 2007, Plaintiff received Defendant's Initial Disclosures which identified the contact for Russel Price as being Carlsmith Ball, LLP's local address. ***See*** Exhibit "7" attached hereto and incorporated herein by reference.

10. After Plaintiff informed Defendant that she will be noticing Russell Price and other employees' depositions. Plaintiff was informed by Defendant's counsel that Defendant would not

1 | accept service for Russell Price because it did not represent Russell Price. Plaintiff requested that
2 | Defendant amend their Disclosures appropriately and on March 1, 2007 Defendant received
3 | Defendant's Amended Initial Disclosures. *See* Exhibit "8" attached hereto and incorporated herein
4 | by reference.

5 | 11. On May 7, 2007, Defendant submitted its Response to Plaintiff's First Request for
6 | Interrogatories. Interrogatory No. 1 asked Defendant to "identify each and every person by name,
7 | gender, address, telephone number, and place of employment that will or may be called by the
8 | Defendant as a witness in this litigation..." Despite recognizing Russell Price as a key witness,
9 | Defendant's response after objection was "information pertaining to this request has already been
10 | disclosed in Defendant's Initial Disclosures and in a document production." At no time did
11 | Defendant ever provide Plaintiff with the address, telephone number and place of employment of
12 | Russell Price.

13 | 12. Linda Markham did not change her deposition testimony given under oath after
14 | review of her transcript. *See* Exhibit "9" attached hereto and incorporated herein by reference.

I declare under penalty of perjury under that the foregoing is true and correct.

DATED at Hagåtña, Guam, on July 31, 2007.

**PHILLIP TORRES**

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÁTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

# EXHIBIT 1

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

Attorneys for Plaintiff
*Tiffany Anne Nicholson*

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| TIFFANY ANNE NICHOLSON, | ) | CIVIL CASE NO. CV 06-00027 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF DEPOSITION** |
| | ) | |
| HYANNIS AIR SERVICE, INC. | ) | |
| d.b.a. CAPE AIR, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

TO:     Defendant **HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR and its attorneys of record,**
**DAVID P. LEDGER, ESQ., CARLSMITH BALL LLP,** Bank of Hawaii Building, Suite
401, 134 West Soledad Avenue, Hagåtña, Guam 96910.

**PLEASE TAKE NOTICE** that on **Monday, May 14, 2007,** at the hour of **9:00A.M.,** at 660

Barnstable Road, Barnstable Municipal Airport, North Ramp, Hyannis, Massachusetts 02601, the

undersigned will take the deposition of **RUSSELL PRICE,** whose address is known to you, upon oral

examination pursuant to Rule 30, Rules of Civil Procedure. Said deposition will take place before a

notary public or other officer authorized to administer oaths and will continue from day to day,

Saturdays, Sundays and holidays excepted until completed. Deposition shall be recorded by audiotape

1    or stenographic means.  You are invited to attend and cross examine.

2              Dated at Hagåtña, Guam, on March 23, 2007.

3                                    TEKER TORRES & TEKER, P.C.

4

5              By: _____
                   PHILLIP TORRES, ESQ.
6                  *Attorneys for Plaintiff*

7

8

9    H:\COMMON\USERS\CLIENT FOLDERS\#PLEADINGS\NICHOLSON, TIFFANY -Wrongful Termination\022 PRICE DEPO NTC.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

Attorneys for Plaintiff
*Tiffany Anne Nicholson*

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| TIFFANY ANNE NICHOLSON, | ) | CIVIL CASE NO. CV 06-00027 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AMENDED NOTICE TO** |
| | ) | **TAKE DEPOSITION** |
| HYANNIS AIR SERVICE, INC. | ) | |
| d.b.a. CAPE AIR, | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

TO: **Defendant HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR and its attorneys of record, DAVID P. LEDGER, ESQ., CARLSMITH BALL LLP,** Bank of Hawaii Building, Suite 401, 134 West Soledad Avenue, Hagåtña, Guam 96910.

PLEASE TAKE NOTICE that on **Wednesday, May 23, 2007,** at the hour of **1:30p.m..,** at the Holiday Inn, 1127 Route 132, Hyannis Room, Hyannis, Massachusetts 02601, the undersigned will take the deposition of **RUSSELL PRICE,** whose address is known to you, upon oral examination pursuant to Rule 30, Rules of Civil Procedure. Said deposition will take place before a notary public or other officer authorized to administer oaths and will continue from day to day, Saturdays, Sundays and holidays excepted until completed. Deposition shall be recorded by audiotape or stenographic

1   means.  You are invited to attend and cross examine.

2          Dated at Hagåtña, Guam, on April 10, 2007.

3                              TEKER TORRES & TEKER, P.C.

4

5                         By: _____
                              PHILLIP TORRES, ESQ.
6                             *Attorneys for Plaintiff*

7

8

9   H:\COMMON\USERS\CLIENT FOLDERS\#PLEADINGS\NICHOLSON, TIFFANY -Wrongful Termination\022A PRICE DEPO NTC.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGATNA, GUAM 96910
TELEPHONE: (671) 477-9891~4

# EXHIBIT 2

IN THE DISTRICT COURT OF GUAM

# CERTIFIED COPY

C.A. No.: CV 06-0027

|  |  |
|---|---|
| TIFFANY ANNE NICHOLSON,<br>          Plaintiff, | ) ) ) ) |
| vs. | ) ) |
| HYANNIS AIR SERVICE, INC.<br>d.b.a. CAPE AIR,<br>          Defendant. | ) ) ) ) |


DEPOSITION OF

LINDA MARKHAM

HYANNIS, MASSACHUSETTS

MAY 17, 2007

ATKINSON-BAKER, INC.
COURT REPORTERS
(800) 288-3376
www.depo.com


REPORTED BY: Patricia Bracken, CSR No. 1455898

FILE NO.: A102878

1    Q.   And is he still considered an employee

2    when he's on leave of absence?

3    A.   Yes.  He's on the seniority list.

4    Q.   And do you know when he took that leave

5    of absence?

6    A.   When he left his position as regional

7    administrator.  I don't have an exact date.

8    Q.   Last November?  Does that sound about

9    right?

10   A.   Roughly, yes.

11   Q.   And do you know if he's flying or if he's

12   just on vacation?

13   A.   My understanding is he's working.

14   Q.   Do you know the airline?

15   A.   I recall hearing it.  I don't recall the

16   name of it.  It's an Irish name.  Erin Air I think

     or something like that.

     Q.   E-R-I-N?

     A.   I believe so.

     Q.   Does that create any issues if he flies

     for somebody else?  Like say he took a leave of

     absence and went to work for somebody else?

     A.   That's why we have the policy in place

     because pilots are so hard to recruit that they

     give them an LOA for 12 months in hopes that they

# EXHIBIT 3

Subject: Nicholson v. Cape Air
To: "Phil Torres" <ptorres@tttguamlawyers.com>

Phil: Greetings. I think Elyze mentioned to you that I will be handling Russell Price's deposition and would take the steps necessary to arrange it in London. I have a relationship with court reporters there as well and can assist in those arrangements. The purpose of this message is to ask about the timeframe you have in mind, as the summer months are filling up quickly and from our perspective we want the deposition to occur sooner rather than later. Please let me know your thoughts on this.

Thanks & regards,

David Ledger
Partner, Carlsmith Ball LLP (Guam, U.S.A.)
Office ph: 671 472 6813, ext. 302
Office fax: 671 477 4375
Mobile: 671 688 3352
dledger@carlsmith.com

***********************************************************

NOTICE: This message contains confidential and privileged information. If it has been sent to you in error, please reply to inform the sender of the error and then delete this message. Thank you.
***********************************************************

# EXHIBIT 4

LAW OFFICES

# TEKER TORRES & TEKER, P.C.

Lawrence J. Teker
Phillip Torres
Samuel S. Teker
Joseph C. Razzano

Suite 2A, 130 Aspinall Avenue
Hagåtña, Guam 96910-5018
Telephone: (671) 477-9891/4
Facsimile: (671) 472-2601
Email: ptorres@tttguamlawyers.com

Of Counsel:
Nagatomo Yamaoka

June 15, 2007

## <u>VIA FACSIMILE NO.: 477-4375</u>

David Ledger, Esq.
**Carlsmith Ball, LLP**
Bank of Hawaii Building, Suite 401
134 W. Soledad Avenue
Hagåtña, Guam 96910

> **Re:** ***Tiffany Anne Nicholson v. Hyannis Air Service, Inc. dba Cape Air.***
> District Court of Guam Civil Case No. 06-00027

Dear David:

Please allow this letter to serve as our formal objection to the taking of the deposition of Russell Price in London. On February 20, 2007, Defendants served their Initial Disclosures identifying Mr. Price as a witness and employee of Cape Air. You indicated that Mr. Price may be contacted through your office. On March 1, 2007 Defendants amended their Initial Disclosures and stated that Mr. Price was a former employee and provided an email address for him. We repeatedly requested Mr. Price's last known address and contact information as we were interested in taking his deposition. The only information ever provided by your office was an email address for Mr. Price. I noticed and renoticed his deposition so your office knew of our intention to take his deposition as part of the trip to Hyannis, Massachusetts.

As you know, great expense was incurred on both our parts to take the depositions of the employees of Cape Air at or near their principal place of business. Prior to taking the depositions, we went to great lengths to meet and confer with your office when scheduling these depositions. During the deposition of Linda Markham I was surprised to discover that Mr. Price is indeed still an employee of Cape Air who is on a leave of absence. In route to Guam, I received an email from you informing me of your intentions to depose Mr. Price in London. I object to the deposition of Mr. Price being taken in London as he is an employee of Cape Air and, therefore, your client had a duty to produce him for a deposition in Hyannis as we repeatedly requested.

I relied on your office's representation that Mr. Price was no longer an employee, a fact that

could have easily been verified by a simple telephone call to your client. Instead you expect Ms. Nicholson to incur an additional expense of traveling to London to take this deposition which is unreasonable. I further object to this deposition as you have failed to comply with Federal Rule of Civil Procedure 28 (b). I am not objecting to having Mr. Price deposed but I am requesting that you withdraw your deposition notice of Mr. Price's deposition in London and produce him for deposition at a mutually convenient time in Guam.

I look forward to discussing this matter with you.

Very truly yours,

Phillip Torres

# Transmission Report

| | | |
|---|---|---|
| Date/Time | 06-15-2007 | 05 16 53 p.m. |
| Local ID 1 | 671 4722601 | |
| Local ID 2 | | |

| | |
|---|---|
| Transmit Header Text | TEKER TORRES TEKER P.C |
| Local Name 1 | TEKER TORRES TEKER P.C |
| Local Name 2 | |

## This document : Confirmed
## (reduced sample and details below)
## Document size : 8.5"x11"

LAW OFFICES

**TEKER TORRES & TEKER, P.C.**

Lawrence J. Teker
Phillip Torres
Samuel S. Teker
Joseph C. Razzano

Suite 2A. 130 Aspinall Avenue
Hagåtña, Guam 96910-5018
Telephone: (671) 477-9891/4
Facsimile: (671) 472-2601
Email: storres@guamlawyers.com

Of Counsel:
Nagatomo Yamaoka

June 15, 2007

### VIA FACSIMILE NO.: 477-6375

David Ledger, Esq.
**Carlsmith Ball, LLP**
Bank of Hawaii Building, Suite 401
134 W. Soledad Avenue
Hagåtña, Guam 96910

> *Re:*   *Tiffany Anne Nicholson v. Hyannis Air Service, Inc. dba Cape Air.*
> District Court of Guam Civil Case No. 06-00027

Dear David:

Please allow this letter to serve as our formal objection to the taking of the deposition of Russell Price in London. On February 20, 2007, Defendants served their Initial Disclosures identifying Mr. Price as a witness and employee of Cape Air. You indicated that Mr. Price may be contacted through your office. On March 1, 2007 Defendants amended their Initial Disclosures and stated that Mr. Price was a former employee and provided an email address for him. We repeatedly requested Mr. Price's last known address and contact information as we were interested in taking his deposition. The only information ever provided by your office was an email address for Mr. Price. I noticed and renoticed his deposition so your office knew of our intention to take his deposition as part of the trip to Hyannis, Massachusetts.

As you know, great expense was incurred on both our parts to take the depositions of the employees of Cape Air at or near their principal place of business. Prior to taking the depositions, we went to great lengths to meet and confer with your office when scheduling these depositions. During the deposition of Linda Markham I was surprised to discover that Mr. Price is indeed still an employee of Cape Air who is on a leave of absence. In route to Guam, I received an email from you informing me of your intentions to depose Mr. Price in London. I object to the deposition of Mr. Price being taken in London as he is an employee of Cape Air and, therefore, your client had a duty to produce him for a deposition in Hyannis as we repeatedly requested.

I relied on your office's representation that Mr. Price was no longer an employee, a fact that

---

Total Pages Scanned : 2          Total Pages Confirmed : 2

| No | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 154 | 4774375 | 05:13 55 p.m. 06-15-2007 | 00 02:34 | 2/2 | 1 | EC | HS | CP7200 |

Abbreviations:

| | | | | |
|---|---|---|---|---|
| HS: Host send | PL: Polled local | MP: Mailbox print | TU Terminated by user | |
| HR: Host receive | PR: Polled remote | CP: Completed | TS: Terminated by system | G3. Group 3 |
| WS: Waiting send | MS: Mailbox save | FA: Fail | RP: Report | EC: Error Correct |

# EXHIBIT 5

To: "David P. Ledger" <dledger@carlsmith.com>
Subject: Re:

  David: I placed the call yesterday to TP and asked for the flight info to London. I also asked
about your flight so that I might match up itinerarys. Sometimes the airlines offer 2 for 1
specials on these types of business or first class flights and I know my credit card also offers
specials. I specifically told Donna of TP to call you and ask if it was okay to send me your
Itineray. I wasn't requesting your personal flight itinerary without your approval and I haven't
been provided with anything in that regard.

 I would like to sit down with you or Alyse within the next few days to discuss additional
discovery in the form of interrogatories, depositions to be completed and Russell Price's
deposition. The FRCP require us to make the effort to resolve matters rather than going to
Court for its resolution of disputes. Please get back to me on that. Phil

### f At 10:40 AM 6/20/2007 +1000, you wrote:

Dear Phil:  Ms. Schier from Travel Pacificana just called me. She said someone from your office contacted
Travel Pacificana and requested that a copy of my London flight itinerary for August be faxed to you.  Surely the
person in your office must have misunderstood your instructions and meant only to ask Ms. Schier for fare
quotes for Guam-London-Guam  via Incheon/Seoul based on my suggestion to you to contact Travel Pac for
good fares on Korean Airlines.  I am assuming you would understand the impropriety of actually requesting a
copy of my personal flight itinerary.

Regards

David Ledger
Partner, Carlsmith Ball LLP (Guam, U.S.A.)
Office ph: 671 472 6813, ext. 302
Office fax:  671 477 4375
Mobile:  671 688 3352
dledger@carlsmith.com

****************************************************************

NOTICE: This message contains confidential and privileged information. If it has been sent to you in error,
please reply to inform the sender of the error and then delete this message. Thank you.
****************************************************************

To: "David P. Ledger" <dledger@carlsmith.com>
Subject: Re: Nicholson v. Cape Air ; Russell price deposition

  David: I note your arguments. Even thought we still don't see eye to eye, I think we should meet and discuss this matter. What is a good time for you? In the meantime, you told me there was a discounted fare to London. What fare or flights were you referring to? Phil

At 10:24 AM 6/18/2007 +1000, you wrote:
Dear Phil:

Contrary to your assertion and letter dated June 15, 2007, Defendant's Notice of Deposition for Russell Price complies with Fed. Rule. Civ. P 28(b) subpart (3), as well as the rules cited in the Notice of Deposition. Mr. Price is currently employed by another air carrier and is flying for that carrier while based and residing in Ireland. As you note in your letter dated June 15, 2007, Defendant amended its disclosures to reflect Mr. Price's change in employment status. That Mr. Price apparently did not respond to emails you may have sent to the e-mail address we provided was Mr. Price's choice. He informed us that his preference was to not speak with you unless we were present during the taking of his statement or a deposition. Mr. Price is free to make this choice and is under no obligation to speak with you informally.

Mr. Price was employed for another air carrier in Ireland and residing in Ireland during the time you recently took depositions in Hyannis. Should Mr. Price terminate his current employment in Ireland, his arrangement with Cape Air is that he would be eligible for re-employment with no loss of seniority regarding flight status. It is not of our making that the label "leave of absence" has been used to describe this arrangement. Not that the label makes any difference to the present situation. In any case, neither we nor Cape Air have "control" over Mr. Price as an "employee" or an employee on "leave of absence" sufficient to compel him to travel from Ireland to Hyannis or Guam for a deposition. Even if Mr. Price had **been actively employed by Cape Air at the time of the Hyannis depositions or at the time you sent Notices out for his deposition,** Cape Air would have had absolutely no obligation to you or your client to produce him in Hyannis or Guam by flying him from Ireland to Hyannis or Guam to attend a deposition by you. Had Mr. Price been employed by Cape Air at the time you took depositions in Hyannis, Cape Air's obligation would have consisted of assisting you with arrangements in taking the deposition at Mr. Prices' present location and residence, which is precisely what is happening now notwithstanding no obligation to do so.

Mr. Price has agreed to travel from Ireland to London for his deposition which will proceed as scheduled on August 7th, 2007 before a person authorized to administer the oath ( see Rule 28(b) subpart (3). We have previously provided you with Notice and invited you to cross examine in person or by telephone. Should you decide to take a discovery deposition prior to our deposition to preserve testimony for trial, you are welcome to do so and arrangements will be made by me.

There is a high likelihood that, given his employment and residence in Ireland, Mr. Price will not be available in Guam at the time of trial. Thus his anticipated trial testimony will be preserved on video tape for showing at the trial. It is understandable that you would not want Mr. Price to testify at trial by way of video deposition (or at all) as his testimony will greatly contradict many of your client's key allegations and undermine your chance of success at trial. We are confident the court is not going to permit this case to be decided by a jury which has been deprived of hearing testimony from one the most important witnesses, if not the most important witness. Furthermore, we are confident the Court would support our efforts to obtain the testimony of a key witness if not the key now so as to avoid last-minute motions to continue the trial due to witness unavailability or scrambling around to obtain the testimony for trial.

As for the expense your client is incurring to prosecute the case, it is largely if not entirely of her own making. Your client knew as well if not better than anyone when **she decided to sue in Guam** that the vast majority of witnesses, obviously those located in Hyannis, **were not in Guam.** Your client knew that many important witnesses had left employment with Cape Air in Guam and were elsewhere. Nonetheless, instead of suing Cape Air at Hyannis where its principal place of business is located and where all the Cape Air employees recently deposed are located, for some reason she chose to sue in Guam. The cost your client incurs as a result of her choice of Guam as the forum are of her own making, not Cape Air or its defense counsel's. In essence, at the time your client elected to sue Cape Air in Guam instead of Hyannis, Guam's relationship to the

case was almost nil.

We have given you proper Notice of the deposition and more than ample time to make arrangements to attend in person or on the phone. We have offered to allow you sufficient time to take a discovery deposition from Mr. Price before we commence our trial preservation deposition, again either in person or on the telephone. Our offer to make these arrangements and any discovery deposition you choose to take are within the discovery cutoff. What you are suggesting is that no discovery or trial deposition be taken from a key witness not likely to be available for trial, yet you have absolutely no legal grounds for your position instead citing costs of your client's own making.

Best regards,

David Ledger
Partner, Carlsmith Ball LLP (Guam, U.S.A.)
Office ph: 671 472 6813, ext. 302
Office fax: 671 477 4375
Mobile: 671 688 3352
dledger@carlsmith.com

David Ledger
Partner, Carlsmith Ball LLP (Guam, U.S.A.)
Office ph: 671 472 6813, ext. 302
Office fax: 671 477 4375
Mobile: 671 688 3352
dledger@carlsmith.com

*************************************************************

NOTICE: This message contains confidential and privileged information. If it has been sent to you in error, please reply to inform the sender of the error and then delete this message. Thank you.
*************************************************************

Subject: Nicholson v. Cape Air
To: "Phil Torres" <ptorres@tttguamlawyers.com>

Phil: Greetings. I think Elyze mentioned to you that I will be handling Russell Price's deposition and would take
the steps necessary to arrange it in London. I have a relationship with court reporters there as well and can assist
in those arrangements. The purpose of this message is to ask about the timeframe you have in mind, as the
summer months are filling up quickly and from our perspective we want the deposition to occur sooner rather than
later. Please let me know your thoughts on this.

Thanks & regards,

David Ledger
Partner, Carlsmith Ball LLP (Guam, U.S.A.)
Office ph: 671 472 6813, ext. 302
Office fax: 671 477 4375
Mobile: 671 688 3352
dledger@carlsmith.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTICE: This message contains confidential and privileged information. If it has been sent to you in error, please
reply to inform the sender of the error and then delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# EXHIBIT 6

To: "David P. Ledger" <dledger@carlsmith.com>,
Subject: nicholson RULE 37.1 STIPULATON
Cc: "Elyze J. McDonald" <emcdonald@carlsmith.com>
X-Attachments: c:\program files\qualcomm\eudora\attach\nicholson RULE 37.1
STIPULATON.wpd;

Draft RULE 37.1 STIPULATON for your review and insertion of your position.  Phil

To: "David P. Ledger" <dledger@carlsmith.com>, "Elyze J. McDonald"
<emcdonald@carlsmith.com>
Subject: RE: motion

David: I have asked you many times in letters and emails to talk to me. Your call yesterday
was apparently your first attempt to do so. I disagree with some of your representations below.
I am in the office now and can take your call or Elyze's call to discuss these matters or arrange
to meet and confer. I welcome your call. Phil

At 04:30 PM 7/3/2007 +1000, David P. Ledger wrote:

Phil: We will object to the court even hearing any motion not in compliance with all rules,
including a meet and confer if applicable. I called you last evening but you had left the office
at 445 pm.

Once we see a motion in compliance with all applicable procedural rules, we expect to issue
a Rule 11 withdraw request as we see and you have not advised us of any basis for any such
motion other than you simply not wanting Mr. Price to testify at trial. This is of course
understandable given what Mr. Price will say yet hardly a basis to avoid a deposition.

Mr. Price is not an employee of Cape Air regardless of the label you choose to describe his
current status. Mr. Price's employment with Cape Air terminated on proper paper work,
something you would have learned if you had asked David O'Connor the right questions. Mr.
Price has the option to seek re-employment within one year of his separation with no loss of
pilot seniority.

We have every right to preserve Mr. Price's testimony for trial and have complied with all
applicable procedures for doing so. Please be advised that should you persist in your efforts
to prevent Mr. Price from testifying for trial, we will avail of every opportunity to seek
sanctions against you and your client for our clients expenses incurred in opposing your
unsupportable opposition to the Notice of Deposition for Mr. Price.

David Ledger
Carlsmith Ball LLP

**From:** Elyze J. McDonald
**Sent:** Tue 7/3/2007 2:01 PM
**To:** 'Phil Torres'
**Subject:** motion

Phil,

I'm in a depo today and can't get back to you on your request for a hearing date. I'm surprised you are filing a
motion which is not compliant with the local rules that require a stipulation between the parties outlining both
parties' contentions in a discovery dispute. I can't recall the exact local rule at this time. I haven't been
contacted about formulating a stipulation.
We will agree to a hearing date at the end of this month, but will have to get back to you on an exact date.
Which dates did you have in mind?
Elyze

To: "David P. Ledger" <dledger@carlsmith.com>, "Elyze J. McDonald"
<emcdonald@carlsmith.com>
Subject: RE: motion

David/Elyze:

Please accept this email as another formal request to meet and confer. David I think you have
made your position very clear and I recognize that you are off island so I would like to meet
with Elyze today , tomorrow or on the weekend to submit a Stipulation of our positions to the
Court. I have written many times that I do not have a problem with your taking Mr. Price's
deposition or having him testify at trial. You can call any witnesses you want. It is the location
of the deposition that is the issue and we'll let the Court decide how appropriate it is under the
rules. Please respond.

Phil Torres

At 07:21 PM 7/4/2007 +1000, David P. Ledger wrote:

Phil: It is your "objection" to a well-noticed deposition yet you have made no real effort to
make arrangements to meet with me. Instead you send email stating how you "disagree"
with our information that Mr. Price is not employed by <?xml:namespace prefix = st1 ns =
"urn:schemas-microsoft-com:office:smarttags" />Cape Air, "disagree" that we are entitled to
depose for trial a witness residing outside the forum, and inviting me to call and discuss the
matter. I called. Yet there is no substance to your "disagreements" other than to repeat how
the label "leave of absence" is somehow the equivalent of employment such that Cape Air
must "produce" Mr. Price under circumstances convenient to you. Even if he were so
employed that would still not be true. To satisfy the little curiosity I had on the subject I asked
Mr. O Connor for details of Mr. Prices' separation from the company and that information was
provided to me. I am unimpressed with your contention that Linda Markham s use of the term
"leave of absence" is contrary. In fact, Mr. O Connor told you he was not familiar with the
company leave of absence policy. If you had instead asked him about Mr. Price's separation
from the company he would have related to you the same details he has stated to me.


Then you sent a "formal written objection" to the deposition citing only a single provision of
Rule 28 which, notwithstanding having little or no application to the current situation, will be
fully complied with. You have cited no persuasive authority for the proposition that I am not
permitted to take a trial preservation deposition from a willing witness with key evidence to
give who resides outside the forum. Such depositions, especially in Guam court cases, are
ROUTINE and specifically provided for in District Court Local Rules, which have been
complied with. In fact, previously you and I have taken and videotaped just such a deposition
of a Coastguardsman (and former employee of my client) who was residing in Seattle at the
time his testimony could be obtained for trial. I guess the difference in that situation was that
you too wanted his testimony for trial.


It has been many weeks since I first informed you of the deposition by email (even before
you returned to Guam from the other depositions), and likewise weeks since we filed our
Notice. At present I am on vacation in the US and not available for a meet and confer phone

call. I will return to Guam in about 10 days.

Final arrangements are made with Mr. Price to utilize two of his off duty days for the deposition on August 7, 2007. Likewise, we have formal arrangements with the court reporter and videographer both of whom are fully licensed in the UK to perform such services. These arrangements are a rare combination of Mr. Price having off-duty days to coincide with my availability to take his testimony and the court reporters being available. We have eased the burden and reduced costs by arranging the deposition in London instead of Ireland. You are invited to attend and cross examine at the place and time specified in our Notice, or attend by telephone.

Best regards,

David Ledger
Carlsmith ball LLP

**From:** Phil Torres [mailto:ptorres@tttguamlawyers.com]
**Sent:** Wed 7/4/2007 9:56 AM
**To:** David P. Ledger; Elyze J. McDonald
**Subject:** RE: motion

David: I have asked you many times in letters and emails to talk to me. Your call yesterday was apparently your first attempt to do so. I disagree with some of your representations below. I am in the office now and can take your call or Elyze's call to discuss these matters or arrange to meet and confer. I welcome your call. Phil

At 04:30 PM 7/3/2007 +1000, David P. Ledger wrote:
Phil: We will object to the court even hearing any motion not in compliance with all rules, including a meet and confer if applicable. I called you last evening but you had left the office at 445 pm.

Once we see a motion in compliance with all applicable procedural rules, we expect to issue a Rule 11 withdraw request as we see and you have not advised us of any basis for any such motion other than you simply not wanting Mr. Price to testify at trial. This is of course understandable given what Mr. Price will say yet hardly a basis to avoid a deposition.

Mr. Price is not an employee of Cape Air regardless of the label you choose to describe his current status. Mr. Price's employment with Cape Air terminated on proper paper work, something you would have learned if you had asked David O'Connor the right questions. Mr. Price has the option to seek re-employment within one year of his separation with no loss of pilot seniority.

We have every right to preserve Mr. Price's testimony for trial and have complied with all

applicable procedures for doing so. Please be advised that should you persist in your efforts to prevent Mr. Price from testifying for trial, we will avail of every opportunity to seek sanctions against you and your client for our clients expenses incurred in opposing your unsupportable opposition to the Notice of Deposition for Mr. Price.

David Ledger
Carlsmith Ball LLP

---

**From:** Elyze J. McDonald
**Sent:** Tue 7/3/2007 2:01 PM
**To:** 'Phil Torres'
**Subject:** motion

Phil,

I'm in a depo today and can't get back to you on your request for a hearing date. I'm surprised you are filing a motion which is not compliant with the local rules that require a stipulation between the parties outlining both parties' contentions in a discovery dispute. I can't recall the exact local rule at this time. I haven't been contacted about formulating a stipulation.

We will agree to a hearing date at the end of this month, but will have to get back to you on an exact date. Which dates did you have in mind?
Elyze

Subject: FW: Cape Air LR 37.1 Stipulation
To: "Phil Torres" <ptorres@tttguamlawyers.com>

Phil,
Please insert the following for the Stipulation.
Thank you.
Elyze

-    Cape Air is not and was not required to produce Russell Price for a deposition as he is not an employee of
Cape Air.  After terminating his employment and all benefits he received as an employee, his only remaining
connection with Cape Air is availing himself of the Company's Leave of Absence option.  As outlined in Cape Air's
employment documentation, a pilot who takes advantage of LOA has their Pilot seniority and benefits frozen in
the event they choose to seek re-employment at Cape Air.  However, re-employment is not
guaranteed.  Rather, a pilot who has terminated his or her employment can only return to flying if Cape Air has a
position available.  A pilot availing him or himself of the LOA option has no obligation to report to or maintain
any  contact or communication with Cape Air.  If he or she chooses not to re-apply for employment with Cape Air,
the pilot need not notify Cape Air of that decision.

-    Russell Price has no present managerial capacity with Cape Air.

-    Russell Price is employed by an airline in Ireland.  He is a resident of Ireland.  Cape Air does not keep track of
Mr. Price's whereabouts.  Neither the Court Nor Cape Air has have authority to compel Mr. Price to attend the
trial in this case.  In fact, only a judicial authority in the U.S. could, upon request by Letters of Rogatory from the
District Court of Guam, compel Mr. Price to participate in this litigation.

-    Cape Air has disclosed Russell Price's email address to Plaintiff.  Cape Air has no authority to compel Mr.
Price to communicate with Plaintiff.    Mr. Price's decision whether or not to communicate with Plaintiffs Counsel is
his decision and his decision alone.

-    Mr. Price's willingness to attend a deposition in London is of his own will.  Mr. Price agreed to travel from his
residence in Ireland to London for the deposition upon assurance of reimbursement of expenses for doing so
solely to ease slightly the travel burden for both Plaintiff and defense Counsel as their journey from Guam to
London is a long one.  If Mr. Price was unwilling to attend his deposition, his attendance could only be compelled
through Letters Rogatory from the District Court of Guam and on an Order from a judiciary authority in the U.K..
Pursuant to Federal Rule of Civil Procedure 45, Mr. Price can only be compelled to travel less than 100 miles to
attend a deposition.  Guam is more than 100 miles away from London.  Parties also have the obligation to reduce
the burden or expense on a person subject to a subpoena.  Mr. Price would incur great expense to travel to Guam
to take a one-day deposition  and, in any event, does not have sufficient days off from his Pilot work to travel to
Guam, prepare for and sit for a deposition, and return to Ireland.

-    Counsel for Cape Air elected to depose Mr. Price in London, as opposed to Ireland, because counsel is
experienced and familiar with arranging foreign depositions in London.  (See Notice of Deposition at Anglo
American Court Reporters).

-    Counsel for Plaintiff is fully able to participate in the deposition by videoconference or phone.  Plaintiffs
Counsels representation to the Court about deposition exhibits being too numerous to effectively manage during a
telephone deposition is self-serving false hyperbole.  In fact, as a Trial preservation deposition, the exhibits would
be few, pre-marked, and provided to Plaintiffs Counsel in advance of the deposition.

-    Counsel for Plaintiff did not satisfy his obligation to meet and confer regarding this discovery dispute.

# EXHIBIT 7

CARLSMITH BALL LLP

ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Hyannis Air Service, Inc.
dba Cape Air



**RECEIVED**

FEB 1 6 2007

By Dtt        2:46 pm

Tcler Torr        n C.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TIFFANY ANNE NICHOLSON,<br><br>Plaintiff,<br><br>vs.<br><br>HYANNIS AIR SERVICE, INC.<br>dba CAPE AIR,<br><br>Defendant. | CIVIL CASE NO. CIV03-00002<br><br>**DEFENDANT'S INITIAL<br>DISCLOSURES; DECLARATION OF<br>SERVICE** |

Defendant Hyannis Air Service, Inc. dba Cape Air hereby provides the following initial disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1).

A.    Persons with Discoverable Information.

1.    Russell Price, former Pacific Administrator, Hyannis Air Service, Inc. dba Cape Air, c/o Carlsmith Ball LLP, Bank of Hawaii Bldg., Suite 401, 134 West Soledad Avenue, P.O. Box BF, Hagåtña, Guam 96932-5027.

2.    Linda Markham, Vice President, Human Resources, Hyannis Air Service, Inc. dba Cape Air, c/o Carlsmith Ball LLP, Bank of Hawaii Bldg., Suite 401, 134 West Soledad Avenue, P.O. Box BF, Hagåtña, Guam 96932-5027.

**ORIGINAL**

# EXHIBIT 8

CARLSMITH BALL LLP

ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Hyannis Air Service, Inc.
dba Cape Air

**RECEIVED**

MAR 0 1 2007

By: Dec  Time: 11:34am

Tekar Torres & Tekar, P.C.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TIFFANY ANNE NICHOLSON,<br><br>Plaintiff,<br><br>vs.<br><br>HYANNIS AIR SERVICE, INC.<br>dba CAPE AIR,<br><br>Defendant. | CIVIL CASE NO. CIV03-00002<br><br><br>**DEFENDANT'S AMENDED INITIAL<br>DISCLOSURES; DECLARATION OF<br>SERVICE** |

Defendant Hyannis Air Service, Inc. dba Cape Air hereby provides the following
*amended* initial disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1).

    A.    <u>Persons with Discoverable Information.</u>

        1.    Russell Price, former Pacific Administrator, Hyannis Air Service, Inc. dba
Cape Air, *rcprice@capecod.net*.

        2.    Linda Markham, Vice President, Human Resources, Hyannis Air Service,
Inc. dba Cape Air, c/o Carlsmith Ball LLP, Bank of Hawaii Bldg., Suite 401, 134 West Soledad
Avenue, P.O. Box BF, Hagåtña, Guam 96932-5027.

ORIGINAL

# EXHIBIT 9

# Atkinson·Baker

———— Court Reporters ————

July 25, 2007

RECEIVED

JUL 3 0 2007
By: _____ 1:17

Teker Torres & Teker P.C.

Phillip Torres, Esq.
Teker, Torres & Teker
130 Aspinall Avenue
Suite 2A
Hagatna, Guam 96910

RE:  NICHOLSON  VS.  HYANNIS AIR SERVICE, INC., ETC.
CASE NO.:  CV 06-0027
ABI FILE NO.:  A102878
DEPOSITION OF:  LINDA MARKHAM,
                taken on May 17, 2007

Dear Mr. Torres:

Enclosed please find the original transcript in the above-
referenced deposition.  It is in a sealed envelope.

The witness was notified on June 7, 2007, that the original
transcript would be available at our office for reading and
signature.  The time period given the witness has expired.

The original is being forwarded to you unsigned.

If you have any questions, please contact our Customer
Service Department.

Sincerely,

Atkinson-Baker, Inc.
Glendale Office

Enclosure

cc:  E. McDonald
     file

# Atkinson·Baker

———— **Court Reporters** ————

June 7, 2007

Elyze J. McDonald, Esq.
Carlsmith Ball, LLP
Bank of Hawaii Building
Suite 401
134 West Soledad Avenue
Hagatna, Guam 96910

RE:  NICHOLSON  VS.  HYANNIS AIR SERVICE, INC., ETC.
C.A. NO.:  CV 06-0027
ABI FILE NO.:  A102878
DEPOSITION OF:  LINDA MARKHAM,
             taken on May 17, 2007

Dear M. McDonald:

Enclosed please find one certified copy of the above referenced
deposition transcript.  The original is ready for the deponent's
review and execution.  It will be available in our office each
weekday from 8:30 a.m. to 5:30 p.m. for the next 30 days.  If you
would like to arrange for an appointment, please call (800) 288-
3376.

Since the location of our office may be inconvenient, the
deponent may use this certified copy to read.  Please have the
deponent use the enclosed "Letter to Deposition Officer" errata
sheet for making changes to the transcript.

These signed changes must then be sent to our main office in
Glendale via certified or registered mail only with a return
receipt requested.  We have enclosed a self-addressed envelope
for your convenience.  Please be sure to return the original
errata sheet, as opposed to a copy.  We require the deponent's
original signature.

If you have any questions, please contact our Customer Service
Department at 800-288-3376.

Sincerely,

Atkinson-Baker, Inc.
Glendale Office

Enclosure
cc:  P. Torres
     file