CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Hyannis Air Service, Inc. dba Cape Air

**FILED**
DISTRICT COURT OF GUAM

AUG 21 2007

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TIFFANY ANNE NICHOLSON,<br><br>Plaintiff,<br><br>vs.<br><br>HYANNIS AIR SERVICE, INC.<br>dba CAPE AIR,<br><br>Defendant. | CIVIL CASE NO. CIV06-00027<br><br>**SUBMISSION OF ORIGINAL DECLARATION OF RUSSELL PRICE; DECLARATION OF SERVICE** |

Filed herewith is the original Declaration of Russell Price in Support of Defendant's Opposition to Plaintiff's Motion to File Protective Order, which facsimile copy was filed on August 6, 2007.

DATED: Hagåtña, Guam, August 21, 2007.

CARLSMITH BALL LLP

*/s/ David Ledger*

DAVID LEDGER
ELYZE J. MCDONALD
Attorneys for Defendant
Hyannis Air Service, Inc. dba Cape Air

## DECLARATION OF RUSSELL PRICE PURSUANT TO 28 U.S.C. Section 1746(1)

I, RUSSELL PRICE, declare under penalty of perjury of the laws of the United States that the following statements are true and correct:

1. I am 43 years old and a U.S. citizen.

2. Since Feb 12, 2007, I have been employed as a Captain by Aer Arann, an airline based in Ireland. I reside in Galway, Ireland and have resided there since April 01, 2007.

3. Prior to employment with Aer Arann, I was employed as Pacific Regional Administrator for Cape Air's operations in the Pacific Region, and also acted in the capacity as a pilot and check airman for Cape Air.

4. I last worked for Cape Air in November 2006. I fully terminated my employment at Cape Air, after utilizing my 10 weeks unused vacation, on January 28, 2007 and availed myself of Cape Air's Leave of Absence (LOA) option. At present, availing of the LOA is my only connection to Cape Air. When I terminated my employment I surrendered all Cape Air identification and all other Cape Air property then in my possession.

5. I have no present managerial or employment role or capacity with Cape Air.

6. My personal understanding of Cape Air's LOA policy is that it allows a pilot such as myself to take leave for no longer than one full year during which time there are no restrictions on my ability to be employed as a pilot with another airline, or to pursue any other form of employment with any employer.

7. Cape Air's LOA policy is intended to leave open the possibility for pilots such as myself to return to employment with the company, if they so choose, as the recruitment of pilots is not an easy task in the airline industry. If a pilot such as myself is on LOA and is able

to return to work at Cape Air, the benefit is that it is with no loss of pilot seniority.

8. Seniority is the sole factor that determines a Cape Air pilot's ability to bid to work on a particular flight or series of flights. Thus, seniority represents a large incentive for pilots because the more senior the pilot, the better chance of bidding for good flights and flight times.

9. Cape Air's LOA policy allows the seniority position of a pilot such as myself to be frozen for one year after ending employment, and therefore retain the seniority benefit while employed elsewhere.

10. However, my LOA does not assure me of re-employment. Rather, my ability to return to work at Cape Air is based on Cape's Air's needs at the time I re-apply for a job.

11. If Cape Air does not have any positions available if and when I re-apply, I may wait until a position opens up, or seek work elsewhere.

12. LOA in no way assures me of re-employment should I choose to seek re-employment with Cape Air.

13. Cape Air does not keep track of my whereabouts nor am I required to "report in" periodically or otherwise inform Cape Air of my personal or employment situation.

14. Cape Air has no authority over, or say-so, in my current employment in Ireland. Like any other Cape Air pilot on LOA, if I choose not to seek re-employment at Cape Air prior to the expiration of the one-year LOA, I am not required to notify Cape Air of this nor am I required to maintain any communications with Cape Air. Rather, the seniority benefit simply lapses.

15. Cape Air does not have the authority or control to force me to attend the

trial in this case. If I am available to attend I will do so voluntarily so long as my expenses are paid and doing so does not adversely impact my employment or personal commitments. At present it is not possible to say whether or not I will be able to come to Guam for this trial because my future employment and work schedule are unknown.

16. I am willing to appear at the trial under circumstances favorable to me as outlined in paragraph 15 above because, based on the facts to which I am privy and my knowledge of employment principles as a former Cape Air manager, I do not believe Cape Air did anything wrong or illegal with regard to Tiffany Nicholson's employment, and for that reason I am willing to assist Cape Air in its defense of her lawsuit. Furthermore, I have crucial, personal, and eye-witness knowledge of the facts and events central to Ms. Nicholson's employment at Cape Air as a training pilot, and was personally involved in the events and reasons leading up to her removal as an ATR pilot.

17. Cape Air does not have any authority or control over me to force me to attend a deposition in Guam nor am I presently available to do even if my expenses were to be paid. This is due to the constraints my employment imposes on my personal time off.

18. With regard to the deposition which Mr. Ledger sought to take from me in London on August 7, 2007, I agreed to travel from Ireland to London at Mr. Ledger's personal request so as to save him the trouble of traveling from London to Ireland after making the long journey from Guam to London. I was able to get two consecutive days off work, August 6 and 7th, and during that time agreed meet Mr. Ledger in London to prepare for and then give the deposition on August 7th. My expenses from Ireland to London and back and my one night accommodations in London were to be reimbursed by Cape Air.

19. Mr. Ledger has informed me that the opposing counsel, Mr. Phil Torres,

Page 3 of 4

4825-7425-5873.1.056785-00005

Case 1:06-cv-00027    Document 35    Filed 08/21/2007    Page 4 of 6

contends that: (1) Mr. Ledger and / or Cape Air are able to control my movements and schedule to the extent either of them can dictate and control where and when I will appear for a deposition; (2) I am employed by Cape Air; (3) Mr. Ledger has undertaken to represent me personally as my lawyer; (4) I am able to come to Guam for a deposition whenever Mr. Ledger or Cape Air wants me to; and (5) that Mr. Ledger has "hidden" me from Mr. Torres so as to avoid having me to speak to him. Not one of these contentions is true, in fact each of them is blatantly false.

20. As concerns item (5) in paragraph 19 above, I did indeed receive an email from opposing counsel Torres and /or his assistant which asked me to contact them about Ms. Nicholson's lawsuit against Cape Air. When I received that e-mail I asked Mr. Ledger if I was required to respond or otherwise required to communicate with opposing counsel. Mr. Ledger informed me that it was entirely up to me whether or not to communicate with opposing counsel and if I chose to, under what circumstances. I chose not to respond at all.

I declare under penalty of perjury under the laws of the United States that the foregoing is true, correct and complete.

Executed this 5TH day of August 2007.

_____
RUSSELL PRICE

Page 4 of 4
4825-7425-5873.1.056785-00005

Case 1:06-cv-00027   Document 35   Filed 08/21/2007   Page 5 of 6

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 21st day of August 2007, I will cause to be served, via hand delivery, a true and correct copy of the SUBMISSION OF ORIGINAL DECLARATION OF RUSSELL PRICE; DECLARATION OF SERVICE upon Plaintiff's Counsel of record as follows:

> Phillip Torres, Esq.
> Teker Torres and Teker, P.C.
> 130 Aspinall Avenue
> Suite 2A
> Hagåtña, Guam 96910

DATED: Hagåtña, Guam, August 21, 2007.

_____
DAVID LEDGER

Page 2 of 2
4838-5070-4641.1.056785-00005
Case 1:06-cv-00027   Document 35   Filed 08/21/2007   Page 6 of 6