CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Hyannis Air Service, Inc. dba Cape Air



FILED
DISTRICT COURT OF GUAM

JAN 1 8 2008

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TIFFANY ANNE NICHOLSON,<br><br>Plaintiff,<br><br>vs.<br><br>HYANNIS AIR SERVICE, INC.<br>dba CAPE AIR,<br><br>Defendant. | CIVIL CASE NO. CIV06-00027<br><br>**REQUEST FOR FACSIMILE FILING;<br>DECLARATION OF SERVICE** |

In accordance with General Rule 5.1(a), Defendant Hyannis Air Service, Inc. dba Cape Air hereby requests that the Court grant permission for Defendant to submit the attached facsimile filing, Declaration of Linda Markham. The Declaration is in support of Defendant Hyannis Air Service, Inc. dba Cape Air's Motion for Summary Judgment. Ms. Markham signed the Declaration, however, because she currently resides in Massachusetts, her signature on the Declaration is a facsimile. Ms. Markham has sent to the Guam office of Carlsmith Ball LLP an original copy of the Declaration via courier. Upon receipt of the original signature, undersigned counsel will immediately file it with the Court.

DATED: Hagåtña, Guam, January 18, 2008.

CARLSMITH BALL LLP

*[signature]*
ELYZE J. MCDONALD
Attorneys for Defendant
Hyannis Air Service, Inc. dba Cape Air

## DECLARATION OF SERVICE

I, Elyze J. McDonald, hereby declare under penalty of perjury of the laws of the United States, that on January 18, 2008, I will cause to be served, via hand delivery, a true and correct copy of the REQUEST FOR FACSIMILE FILING; DECLARATION OF SERVICE upon Plaintiff's Counsel of record as follows:

> **Phillip Torres, Esq.**
> **TEKER TORRES AND TEKER, P.C.**
> **130 Aspinall Avenue, Suite 2A**
> **Hagåtña, Guam 96910**
>
> **Attorneys for Plaintiff Tiffany Anne Nicholson**

DATED: Hagåtña, Guam, January 18, 2008.

_____
ELYZE J. MCDONALD

## DECLARATION OF LINDA MARKHAM

I, LINDA MARKHAM, declare under penalty of perjury that the following statements are true and correct:

1. I have personal knowledge of the facts stated in this declaration except as otherwise indicated.

2. I would testify competently as to these facts if called by the Court.

3. I am the Vice-President of Human Resources at Hyannis Air Service, Inc. dba Cape Air ("Cape Air"), a small regional airline based in Hyannis, Massachusetts.

4. Over the past several years, Cape Air has employed on average 100 pilots.

5. I have been personally involved in reviewing letters and other documentation and business records concerning Tiffany Nicholson's employment and discipline at Cape Air. These letters and documents, attached to this Declaration, are kept in the normal course of business in Ms. Nicholson's personnel file at Cape Air, over which I have custody.

6. Attached hereto as Exhibit A is a true and correct copy of pages of Cape Air's General Operating Manual concerning the duties and obligations of captains and first officers operating in the ATR42 aircraft. This document is kept in the normal and ordinary course of Cape Air's business.

7. Attached hereto as Exhibit B is a true and correct copy of a letter drafted by Cape Air pilot Charles White which pertains to his work experience with Ms. Nicholson. This letter was placed in Ms. Nicholson's personnel file at Cape Air.

8. Attached hereto as Exhibit C is a true and correct copy of a letter drafted by former Cape Air Pacific Regional Administrator Russell Price which pertains to his work


experience with Ms. Nicholson. This letter was placed in Ms. Nicholson's personnel file at Cape Air.

9. Attached hereto as Exhibit D is a true and correct copy of a letter drafted by former Cape Air pilot Jon Bleiman which pertains to Mr. Bleiman's work experience with Ms. Nicholson. This letter was placed in Ms. Nicholson's personnel file at Cape Air.

10. Attached hereto as Exhibit E is a true and correct copy of a letter drafted by Cape Air Director of Training David O'Connor which pertains to Mr. O'Connor's work experience with Ms. Nicholson. This letter was placed in Ms. Nicholson's personnel file at Cape Air.

11. Attached hereto as Exhibit F is a true and correct copy of a letter drafted by Cape Air pilot Phillip Dery which pertains to Mr. Dery's work experience with Ms. Nicholson. This letter was placed in Ms. Nicholson's personnel file at Cape Air.

12. Attached hereto as Exhibit G is a true and correct copy of the Revised Action Form issued to Ms. Nicholson. This Revised Action Form was placed in Ms. Nicholson's personnel file at Cape Air.

13. Attached hereto as Exhibit H is a true and correct copy of the first version of the Action Form concerning Ms. Nicholson. This first version of the Action Form was placed in Ms. Nicholson's personnel file at Cape Air.

14. Attached hereto as Exhibit I is a true and correct copy of a September 16, 2004 email sent by Ms. Nicholson to Steve Phillips, Cape Air's Chief Pilot, and "cc" to "Linda Fitzgerald". This email was placed in Ms. Nicholson's personnel file at Cape Air.

15. Attached hereto as Exhibit J is a true and correct copy of a September 19, 2004 email sent by Ms. Nicholson to Steve Phillips, Cape Air's Chief Pilot, and "cc" to me, Dan Wolf, and Larry Gualtieri. This email was placed in Ms. Nicholson's personnel file at Cape Air.

16. When Tiffany Nicholson failed to accept the terms of the Revised Action Form which allowed her to fly as a Cessna 402 Captain, she was considered to have abandoned her employment at Cape Air.

I declare under penalty of perjury under the laws of the United States that the foregoing is true, correct and complete.

DATED: _Thursday_, January _17_, 2008.

_____
LINDA MARKHAM