CARLSMITH BALL LLP

DAVID LEDGER
ELYZE J. MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Hyannis Air Service, Inc. dba Cape Air



FILED
DISTRICT COURT OF GUAM

MAR 0 7 2008

JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| TIFFANY ANNE NICHOLSON,<br><br>Plaintiff,<br><br>vs.<br><br>HYANNIS AIR SERVICE, INC.<br>dba CAPE AIR,<br><br>Defendant. | CIVIL CASE NO. CIV06-00027<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REQUEST FOR HEARING; EXHIBIT A; DECLARATION OF SERVICE |

## I. INTRODUCTION

Plaintiff's Motion for Leave to File a Surreply in support of her Opposition to Cape Air's Motion for Summary Judgment is an improper attempt to make further, and for the most part redundant, argument outside of the briefing schedule the Court previously and expressly set out. Plainly Nicholson's Motion for Leave and the proposed Sur-Reply are the upshot of Plaintiff having failed to comprehend the importance of Cape Air's summary judgment Motion. Nicholson's proposed Surreply is little more than a revised version of her Opposition and would amount to a second bite at the apple to discuss the merits of her position. Accordingly the Court should not permit it.

The typical purpose of a Surreply is to allow a non-movant an opportunity to *respond to new arguments presented in a Reply.* All that Nicholson does in her Surreply, however, is repeat what she already stated in her Opposition, make new arguments that should have been made in the Opposition, and make further unsubstantiated factual arguments. In essence, Nicholson has greatly wasted the Court's time. She should not be granted leave to file the Surreply, and she should be sanctioned in the amount of Cape Air's attorneys' fees and costs expend to oppose the Motion for Leave. If the Court grants leave to file the Surreply, however, Cape Air asks for equal time, that is, leave to file a rebuttal.

Finally, Cape Air asks that the Court entertain the Motion for Leave at a hearing in advance of and separate from the underlying Motion for Summary Judgment.

## II. STANDARD FOR GRANTING LEAVE TO FILE A SUR-REPLY

The Court's Local Rules do not discuss allowing the filing of Surreplies. However, generally such practice is not part of the Court's routine briefing procedures. For example, in this case, the Court established a briefing scheduled permitting a specific date for the filing of an Opposition and Reply. Ex. A. Nowhere in that schedule is a mention of Surreplies or potential Surreplies.

Indeed, it can be safely assumed that the Court *expects* the parties to complete their briefing within the prescribed briefing schedule. This means that within that schedule the parties should fully advise the Court of their positions; otherwise, there would never be an end to the briefing. Such is the case here where Nicholson's proposed Surreply mischaracterizes the facts and the law, influencing Cape Air itself to seek leave to file a further Surrebuttal. Furthermore, in response to this Opposition, Cape Air anticipates that Nicholson will try to argue the merits of her position on summary judgment even further, giving her essentially a *third* opportunity to present briefing on the MSJ, when, under the briefing schedule, she had a full opportunity to do

so in her Opposition. Both in Opposition to Nicholson's mischaracterizations of the law and facts, and in Opposition to additional arguments made by Nicholson in her Surreply, Cape Air indeed believes it is only fair to allow it an opportunity to present further argument in a Surrebuttal. However, in order to prevent what would amount to an almost endless flurry of additional briefing initiated by Nicholson, the Court should prevent the practice of allowing Surreplies.

Other federal courts have provided guidelines as to when it is proper to allow leave for a Surreply. Not surprisingly, if the proposed surreply repeats arguments already made or makes new arguments, then the Surreply should be not allowed. *First Realty Prop. Mgmt., Ltd. v. McDonald & Co. Secs., Inc.*, 2008 WL 80062, *5 (N.D. Ohio Jan. 4, 2008). If the proposed surreply introduces arguments that have been sufficiently briefed and discussed, and therefore do not aid the Court, then the Surreply should be not allowed. *Wyeth v. Lupin Ltd.*, 505 F. Supp. 3d 303, 308-09 (D. Md. 2007). If the Surreply addresses arguments that were originally raised in the Motion (as opposed to in the Reply), then the Surreply should be not allowed. *Derrick Mfg. Corp. v. Southwestern Wire Cloth Inc., et al.*, 1997 WL 525232, *1 (Fed. Cir.) (unpublished). Finally, if the non-movant had an opportunity to raise its arguments earlier in its Opposition, then the Surreply should be not allowed. *William v. United States*, 1999 WL 825510, *1 (D.C. Cir.).

All of these reasons apply here. As discussed below, Nicholson's Surreply is a desperate attempt to get a second and third bite at the apple. Just like her Opposition to the MSJ, Nicholson's Surreply is so full of unsupported allegations, it actually injects confusion as to the real and properly supported issues briefed in the MSJ. Nicholson also makes the same arguments in her Opposition, or makes arguments that she could have and should have addressed

in her Opposition. Furthermore, at no point does Nicholson address any new arguments made by Cape Air in its Reply.

### III. <u>LEGAL DISCUSSION</u>

#### A. <u>NICHOLSON'S SURREPLY DOES NOT RESPOND TO ANY NEWLY-RAISED ISSUES BY CAPE AIR IN ITS REPLY WITH RESPECT TO NOT BEING QUALIFIED FOR HER JOB.</u>

Nicholson's proposed Surreply discusses a number of incidents allegedly showing that she was qualified for her job. Incredibly, Nicholson could have but neglected to raise these key arguments in her Opposition, and should be precluded from doing so belatedly in a Surreply.

The first issue is her admission during her deposition that she was failed to follow proper procedure while doing callouts with Chuck White. This is an issue that was discussed in the Motion for Summary Judgment, *see* MSJ at 7, 17, and therefore, the proper time to respond to these arguments was in Nicholson's Opposition. Having failed to show that Nicholson's admission is a newly raised issue during the Reply to which she did not have an opportunity to respond in her Opposition, Nicholson should not be allowed to discuss this issue in her Surreply.

The second issue relates to an email attached as Exhibit J to Cape Air's Motion for Summary Judgment. Proposed Surreply at 3-4. Since the exhibit was introduced attached to the Motion (as opposed to in the Reply), again, the proper time to discuss Nicholson's take on Exhibit J was in Nicholson's Opposition. Cape Air is even curious as to the point of raising and thus highlighting Exhibit J, as a plain reading of the Surreply reveals that Nicholson does not dispute that she made an admission that she had inadequate CRM.

Third, Nicholson argues that no one told her she was having CRM problems[1] and that there is a question of whether those who removed her actually believed she had CRM problems. These arguments, again, do not respond to anything newly raised in Cape Air's Reply. These

---

[1] The standard is not whether the plaintiff thinks she is qualified, but whether, in fact she is qualified for her job.

issues were raised in the Motion, and should have been responded to in Nicholson's Opposition. MSJ at 9, 9 n.11; MSJ Reply at 3.[2]

Nicholson's arguments regarding her qualifications to fly the ATR42 in her Surreply could have been raised in Nicholson's Opposition to the Motion for Summary Judgment. Nicholson's Opposition, to an extent, even discusses these same issues. By raising them again, Nicholson has engaged the Court and Cape Air in an expensive second round of briefing.

B. NICHOLSON'S ARGUMENTS THAT SHE WAS NOT SIMILARLY SITUATED WITH OTHER PILOTS MISLEADS THE COURT AS TO THE LAW ON THIS POINT AND RAISES POINTS THAT COULD HAVE BEEN RAISED EARLIER.

In its MSJ and Reply Cape Air introduced to the Court the standard in the Ninth Circuit (adopting the standard in the Second Circuit) that employees must be "similarly situated" "in all material respects." MSJ at 17 and MSJ Reply at 4 (citing *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) and *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000)). In her Surreply, Nicholson claims that Cape Air has misstated the law, but fails to show what exactly was the misstatement. Instead, Nicholson cites to another Second Circuit case, *McGuiness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001), which holds, just as *Moran* and *Graham* hold, that employees must be similarly situated "in all material respects." In contrast to Nicholson's contentions, Cape Air has never advised the Court that the standard is that the comparable employees must be identical. It is clear, as Cape Air has argued, that the standard is the compared employees must closely resemble each other in all material respects.

Cape Air has argued in its MSJ and Reply that no other pilot had deficiencies that closely resembles the issues confronting Nicholson, specifically, CRM deficiencies. None of the arguments raised in Nicholson's Surreply were in response to anything new raised in Cape Air's

---

[2] Cape Air strenuously objects to any further argument from Nicholson which addresses the merits of the underlying summary judgment motion.

MSJ Reply. Even more, none of the statements in Nicholson's Surreply on this point are supported by any admissible evidence. Nicholson still fails to demonstrate how she is similarly situated to any other pilot in the sense that any other pilot had deficiencies closely resembling her CRM deficiencies. Instead, as Cape Air showed, deficiencies by other pilots pertained to their technical abilities, which required a different form of retraining, that is, further ground school, simulator training, or another check ride.

Moreover, Nicholson offers zero evidence to support her statement that Phil Dery and John Kappeyne's deficiencies and failure would automatically terminate them from the ATR42 program. That is because, unlike Nicholson, they corrected their deficiencies with their second round of training. As argued in the MSJ, the elimination from the ATR42 only occurred after pilots failed the second round of training. MSJ at 18. That second round of training was offered to Nicholson, and she failed to take advantage of it, making her plainly dissimilar to the other pilots.

C. NICHOLSON'S SURREPLY FAILS TO MENTION ANY NEW GROUNDS RAISED IN THE REPLY WITH RESPECT TO ARGUMENTS REGARDING BEING TREATED DIFFERENTLY FROM OTHER PILOTS.

The clearest example of an abuse of a Surreply lies within Nicholson's arguments as to whether she was treated differently from any other similarly situated pilot. The idea that Nicholson was not treated differently from any other pilot because she was the only pilot to undergo a third round of training originated in Cape Air's Motion for Summary Judgment. *See* MSJ at 18. Cape Air's Reply did not need to expand much further on the idea because Nicholson failed to present any evidence to the contrary.

The arguments in her proposed Surreply consist of just more argument that could and should have been raised in her MSJ Opposition. What is even more disturbing is that the factual issues raised in the Surreply continue to be presented without support. There is no support for

Page 6 of 10
4837-4332-3906.1
Case 1:06-cv-00027   Document 57   Filed 03/07/2008   Page 6 of 12

her contention that the other pilots should have been presented to a panel, because, as presented in the MSJ, that only occurred after a failed *second* round of training.

### D. NICHOLSON'S SURREPLY ARGUMENTS REGARDING CAPE AIR'S LEGITIMATE, NONDISCRIMINATORY REASONS FOR DISCIPLINE COULD AND SHOULD HAVE BEEN RAISED IN HER OPPOSITION.

On the issue of Cape Air's legitimate, non-discriminatory basis of discipline, again, Nicholson's Surreply introduces new evidence that could have been raised along with its Opposition. Again, Nicholson's Surreply represents a clear disregard and abuse of the Court's briefing schedule.

Not only that, but Nicholson engages the Court in an examination of factors that are not relevant to the discussion of whether or not Cape Air has articulated a legitimate, nondiscriminatory reason for Nicholson's discipline. Cape Air has clearly met this burden by producing numerous pieces of evidence demonstrating Cape Air's legitimate, nondiscriminatory reason for her discipline: her deficient CRM skills.

### E. NICHOLSON'S SURREPLY ARGUMENTS REGARDING PRETEXT REPEAT ARGUMENTS RAISED IN HER OPPOSITION.

Nicholson's Surreply arguments regarding pretext are nothing more than a continuation of the ramblings in her MSJ Opposition. Nicholson's MSJ Opposition addresses five examples of pretext, four of which were never raised by Nicholson at any earlier point in the case. Cape Air addressed all six points in its Reply.

The Surreply offers a weak response to Cape Air's Reply, but introduces nothing of substance. Again, Nicholson's arguments are a repeat of arguments made previously, and without any support in the record.

4837-4332-3906.1
Case 1:06-cv-00027   Document 57   Filed 03/07/2008   Page 7 of 12

## IV. REQUEST FOR HEARING AND BIFURCATION OF ORAL ARGUMENT, AND, IF LEAVE IS PERMITTED TO FILE THE SURREPLY, FOR LEAVE TO FILE A SURREBUTTAL

Cape Air requests that before hearing the underlying, substantive Motion for Summary Judgment, that the Court first hear the present Motion for Leave to File Surreply on the date scheduled for hearing on the Motion for Summary Judgment; March 25, 2008 at 9:00 a.m. There is a great amount of "evidence" submitted by Nicholson in both her Opposition and proposed Surreply that do not meet the standards required by Rule 56. A bifurcated hearing will prevent the Court from being led astray from the issues at hand with extraneous unsupported evidence proffered by Nicholson.

In addition, if the Court determines that the Surreply be allowed, because the number of arguments raised therein could have been raised in the Opposition to the MSJ, it is only equitable that Cape Air be allowed to file a Surrebuttal to respond to those issues.

## V. REQUEST FOR SANCTIONS

Cape Air respectfully requests an award of sanctions against Nicholson for its attorney fees and costs incurred in preparing and arguing this Opposition. Such relief is warranted as Nicholson clearly has not met the standard required for submission of a proper Surreply, as discussed herein.

## VI. CONCLUSION

What is clear by the filing of the Surreply is that Nicholson simply chose to do no homework for the Opposition to the MSJ. Under the Court's express briefing schedule, she had the opportunity to present all her relevant and sustainable arguments when she filed her Opposition. Now she desperately wants a second chance. The Court should abide by its briefing schedule and deny her the opportunity to present further, redundant briefing.

DATED: Hagåtña, Guam, March 7, 2008.

CARLSMITH BALL LLP

*[signature]*
ELYZE J. MCDONALD
DAVID LEDGER
Attorneys for Defendant
Hyannis Air Service, Inc. dba Cape Air

## DECLARATION OF SERVICE

I, Elyze J. McDonald, hereby declare under penalty of perjury of the laws of the United States, that on the 7th of March, 2008, I will cause to be served, via hand delivery, a true and correct copy of the DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REQUEST FOR HEARING; EXHIBIT A; DECLARATION OF SERVICE upon Plaintiff's Counsel of record as follows:

**Phillip Torres, Esq.**
**TEKER TORRES AND TEKER, P.C.**
**130 Aspinall Avenue, Suite 2A**
**Hagåtña, Guam 96910**

**Attorneys for Plaintiff Tiffany Anne Nicholson**

DATED: Hagåtña, Guam, March 7, 2008.

_____
ELYZE J. MCDONALD

# Elyze J. McDonald

**From:** charles_white@gud.uscourts.gov
**Sent:** Monday, February 25, 2008 11:49 AM
**To:** charles_white@gud.uscourts.gov
**Subject:** Activity in Case 1:06-cv-00027 Nicholson v. Hyannis Air Service, Inc. Motion for Leave to File

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

Civil/Criminal CM/ECF System

District Court of Guam

## Notice of Electronic Filing

The following transaction was entered on 2/25/2008 at 11:47 AM CST and filed on 2/22/2008
**Case Name:** Nicholson v. Hyannis Air Service, Inc.
**Case Number:** 1:06-cv-27
**Filer:** Tiffany Anne Nicholson
**Document Number:** 53

**Docket Text:**
Motion for Leave to File Sur-Reply in Support of Opposition to Defendant's Motion for Summary Judgment filed by Tiffany Anne Nicholson. (related documents: [46] Opposition, [39] Motion for Summary Judgment. Responses due by 3/7/2008. Replies due by 3/14/2008. (Attachments: # (1) Exhibits 18-23) (fad, )


**1:06-cv-27 Notice has been electronically mailed to:**

David Ledger     dledger@carlsmith.com, jborja@carlsmith.com

Lawrence J. Teker (Terminated)    L.teker@tttguamlawyers.com

Phillip Torres    ptorres@tttguamlawyers.com

**1:06-cv-27 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Q:\Input\CV Docs\CV-06-00027-MtnLveFileSurRply-1.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1088563379 [Date=2/25/2008] [FileNumber=78991-0]
[ed2f9c7db7e27791e89e121ed2bd9947578fbc359aabddead1f3435b14d9a2a84325e

9bbbca2106f2539267dec75ec96402a976607fce5a095070dccf9e693d3]]
**Document description:** Exhibits 18-23
**Original filename:**Q:\Input\CV Docs\CV-06-00027-MtnLveFileSurRply-2.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1088563379 [Date=2/25/2008] [FileNumber=78991-1]
[52b06caca48b5a4d1b54c5130a78247123dbe0b1f6d454da1bc69090c969a17059981
c96b38fee5d7d19015c688fd1ad8ba5837c2ec1f0abbd1b2bdbbc193d8f]]