**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

Attorneys for Plaintiff
*Tiffany Anne Nicholson*



FILED
DISTRICT COURT OF GUAM

MAR 21 2008

JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| TIFFANY ANNE NICHOLSON, | ) | CIVIL CASE NO. CV 06-00027 |
| Plaintiff, | ) | |
| vs. | ) | **AFFIDAVIT** |
| HYANNIS AIR SERVICE, INC. d.b.a. CAPE AIR, | ) | |
| Defendant. | ) | |

GUAM, U.S.A., )
                              ( ss.:
City of Hagåtña.         )

**I, TIFFANY ANNE NICHOLSON,** hereby declare as follows:

1. I am over the age of eighteen (18) years and the Plaintiff in the above-captioned case.

2. I make this Declaration on personal knowledge and am competent to testify regarding the matters stated herein.

3. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, I submit this Affidavit.

4. On February 1, 2008, a Motion for Leave to File Facsimile Declaration of Facts was filed.

5. On February 19, 2008, my original Declaration of Facts was submitted and filed with this Court.



ORIGINAL

6. My Declaration of Facts was based upon personal knowledge.

7. I inadvertently failed to declare in my Declaration of Facts that said Declaration was made on personal knowledge and that I am competent to testify to the facts stated therein. If called by the Court to confirm the facts based upon personal knowledge, I would so testify.

8. In my Declaration of facts I made statements regarding Cape Air's management staff, David O'Connor, Larry Gualtieri, Stephen Phillips, Daniel Wolf, and Linda Markham. Those statements are based upon my interactions with them and having been present at each of their depositions.

9. In paragraphs 25 and 26 of my Declaration of Facts, I made reference to Jon Bleiman. I personally spoke to Jon Bleiman after the filing of my Equal Employment Opportunity Commission Claim and reviewed the email attached hereto as Exhibit 1 to this Affidavit. **Exhibit "1"** is a true and correct copy of an email that was sent to my attorney and opposing counsel.

10. My statements of fact regarding my former co-pilot coworkers are based upon personal interactions with them and I also attended the depositions of Charles White and Philip Dery.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated at Hagatna, Guam, on March 21, 2008.

TIFFANY ANNE NICHOLSON

SUBSCRIBED AND SWORN TO, before me, a notary public in and for Guam, this 21st day of March, 2008.

)SEAL(

JOYLEEN SANCHEZ
NOTARY PUBLIC
IN AND FOR GUAM, U.S.A.
MY COMMISSION EXPIRES: OCTOBER 5, 2009
P. O. BOX 7551 AGAT, GUAM 96925

# EXHIBIT

# 1



**RE: Tiffany Nicholson**
From: **J Bleiman** (jonbleiman@hotmail.com)
Sent: Mon 4/30/07 7:02 AM
To: emcdonald@carlsmith.com
Cc: ptorres@tttguamlawyers.com; tiffanyan@hotmail.com

Ms. McDonald,

You can reach me at +62-8155-880-2971. However, to save you and I time, following is a summary of what you would learn from a telephone call to me:

1) It is my belief that Tiffany, as my training partner at Houston, demonstrated considerable skill and ability as a captain, particularly during her final checkride (test) at the conclusion of her training at Houston. She did an exemplary job on that exam.

2) It is my belief that, only several weeks after that exemplary performance on her exam, Tiffany may have been denied appropriate additional training, which one would reasonably expect to be offered by the company, and coerced to resign or fired substantially as a result of a desire that may have been acted upon by Russell Price, her direct supervisor and manager, to remove her from her job because she may have refused to have a sexual relationship with him while many people at the company believed, wrongly, that he and Tiffany had such a relationship.

3) It is my (especially strong) belief that Russell Price's relationship interest in Tiffany may have made it difficult for Tiffany to concentrate on and perform her duties effectively.

4) It is my belief that Captain Chuck White's argument with Tiffany at work shortly before her termination, an event that may have been used as an excuse for her termination, may have been mostly a result of Chuck and Tiffany's prior personal relationship, as boyfriend and girlfriend, and not objectively because of Tiffany's skills or performance of her duties. To the extent that Tiffany's skills and performance may have been substandard (as often were the skills and performance of all of us recently-, and quickly-trained for our new positions at Guam), Chuck's feelings towards Tiffany, as expressed by his words and/or actions at work, may have made it difficult for Tiffany to perform at work like other crewmembers.

5) It is my belief that Cape Air provided exceedingly poor job training including grossly inadequate crew management training. As a result, at the time of Tiffany's work at Guam, Tiffany and I (and other crewmembers) had neither the required knowledge nor the skills required to function successfully together as aeronautical crewmembers with varied backgrounds and personalities. Further, I (and other captains) had neither sufficient knowledge, skills nor training to make a meaningful evaluation of Tiffany's crew skills. Thus, one must read my written statement regarding Tiffany's CRM skills in that context: That written statement, although on the surface about Tiffany's conduct, is more a reflection of my inadequate crew management skills and poor training and inexperience at that time, than it is a truthful and informed evaluation of Tiffany's conduct.

I hope this answers some of your questions about my recollection of events and present beliefs.

Jon

----Original Message Follows----
From: "Elyze J. McDonald" <emcdonald@carlsmith.com>
To: <jonbleiman@hotmail.com>
Subject: Tiffany Nicholson
Date: Thu, 26 Apr 2007 12:44:43 +1000

Mr. Bleiman,

I am the attorney representing Cape Air in a lawsuit filed against it by Tiffany Nicholson. I believe you wrote a statement about Ms. Nicholson's CRM abilities, and I'd like to speak to you about it. I am hoping you can forward me a phone number I can reach you at. Thanks in advance for your cooperation.

Regards,

Elyze J. McDonald
Carlsmith Ball LLP
134 West Soledad Avenue, Suite 401
Bank of Hawaii Building
Hagatna, Guam 96910
671-472-6813
671-477-4375 (fax)
www.carlsmith.com <http://www.carlsmith.com/>
emcdonald@carlsmith.com

---

Express yourself instantly with MSN Messenger! Download today it's FREE!
http://messenger.msn.click-url.com/go/onm00200471ave/direct/01/