DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| TIFFANY ANNE NICHOLSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>HYANNIS AIR SERVICE, INC.<br>d.b.a. CAPE AIR,<br><br>    Defendant. | Civil Case No. 06-00027<br><br>**ORDER RE: DEFENDANT'S MOTION FOR LEAVE TO TAKE PRESERVATION DEPOSITION** |

This matter came before the court on August 5, 2010, for a hearing on the Defendant's Motion for Leave to Take Preservation Depositions in Lieu of Trial Testimony (*see* Docket No. 88). Having considered the parties' arguments and submissions, as well as relevant caselaw and authority, the court hereby **DENIES** the Defendant's motion and issues the following decision.

## I. FACTUAL BACKGROUND

This action was brought by the plaintiff, Tiffany Anne Nicholson, ("the Plaintiff") pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2003, *et. seq.* In her complaint, the Plaintiff alleges Title VII Sex Discrimination. The complaint alleges that while she was employed with Hyannis Air Service, Inc., (the "Defendant") she was subjected to sex discrimination. In June 2000, the Plaintiff was employed by the Defendant as a pilot. Cape Air is a small regional airline based in Hyannis, Massachusetts.

///

///

///

**II. DISCUSSION**

The Defendant moves this court to grant its motion for leave to take preservation depositions of two witnesses, Messrs. Stephen Phillips and Daniel Wolf, both employees of Cape Air. Mr. Wolf is the CEO and Mr. Phillips is the System Chief Pilot. Both men were deposed during the ordinary course of discovery in this case. However, the Defendant now seeks to take "preservation depositions" of the men, in lieu of having them testify at trial.

The Plaintiff argues that the Defendant should not be permitted to take these depositions because the deadline for discovery has passed. The Scheduling Order for this case established August 10, 2007, as the deadline for discovery. *See* Docket No. 8. The parties worked to complete all their discovery by that date. In fact, in the parties' Amended Joint Scheduling Order and Discovery Plan filed on February 11, 2010, the parties acknowledged that discovery had closed.[1] *See* Docket No. 86.

Federal Rule of Civil Procedure 30 (a)(2)(A)(ii) requires a party to obtain leave of court to depose a witness who has already been deposed. Under the rule, a court must grant leave if it consistent with Rule 26(b)(2).

Federal Rule of Civil Procedure 32(a)(3) provides that the deposition of a witness may be used "for any purpose" at trial if he or she "is at a greater distance than 100 miles from the place of trial" or, "upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used." Although this Rule provides circumstances under which depositions may be admissible as evidence at trial, the Rule does not distinguish between discovery and trial depositions or suggest when or under what circumstances a deposition to be used at trial should properly be taken.

There is no Ninth Circuit authority on the issue of whether these types of depositions are "discovery" depositions subject to the limits in the Rules or "trial" depositions exempt from those

---

[1] Although, at that time, the Defendant indicated to the Magistrate Judge that it may need to depose witnesses for trial purposes. The Plaintiff indicated that she would object to taking depositions for that purpose. *See* February 11, 2010, Minutes, Docket No. 85. The Defendant did not file its motion concerning taking preservation depositions until April, 2010. *See* Docket No. 88.

strictures. Authority from other districts is scant and conflicting. *See, e.g., Energex Enterprises, Inc. v. Shughart, Thomson & Kilroy, P.S.*, 2006 U.S. Dist. LEXIS 58395 (D.Ariz.2006) (denying motion to conduct additional depositions); *Integra Lifesciences I, Ltd. v. Merck KgaA*, 190 F.R.D. 556, 558 (S.D.Cal.1999) (same); *Estenfelder v. Gates Corp.*, 199 F.R.D. 351 (D.Colo.2001) (permitting depositions).

The Defendant relies upon the Tenth Circuit case of *Estenfelder* for support. In *Estenfelder*, the court stated:

> The courts in the *Henkel* and *Integra* cases treat all depositions the same, under a single heading of "discovery depositions," and attempt to regulate them all under a bright-line role. These courts are simply ignoring reality. Lawyers use depositions during the discovery phase primarily to discover evidence. However, lawyers do not always know during the discovery phase which witnesses will actually be needed for trial, and whether the testimony of some of these witnesses will need to be presented at trial by means of depositions. Once those decisions are made by attorneys, courts cannot ignore a party's need to preserve testimony for trial, as opposed to the need to discover evidence, simply because the period for discovery has expired.

*Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 355 (D. Colo.2001).

The Defendant also directs the attention of the court to the Seventh Circuit case of *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. 122, 124 (S.D. Inc. 1991). The *Spangler* court recognized that while there is no formal case law denoting the distinction between the two types of depositions, "the difference is recognized in the daily practice of these courts, and is commonly accepted by the members of the bar who frequently practice here." *Id*. at 125. The court further states that "[t]rial depositions are definitely of benefit to the orderly conduct of trial. Trial depositions can alleviate the need for a court to alter its schedule to accommodate the extremely busy schedules of physicians and others who are justifiably unable to meet the court's schedule." *Id.*

In this instance, the court need not reach the merits of the arguments.[2] There was neither testimony nor supporting declarations that the two witnesses in question are unavailable to attend the trial. Defense counsel indicated that the witnesses are key management personnel and it would be "exceedingly" difficult for them to attend trial. Understandably, the witnesses' attendance at

---

[2] The court need not reach the issue of whether or not it will allow preservation depositions to be taken after discovery has closed. The court finds within its discretion there may be occasion to permit such, however, any such allowance will be strictly based upon the facts.

trial may be inconvenient for the Defendant. However, the court finds the ability to work from distant locales from one's office is both possible and doable. With modern technology, many employees are able to telecommute to work from all around the nation on a regular basis. There is no reason that the witnesses would be "out of touch" with their office if they were temporarily on Guam for the trial.

It is clear to the court that the Defendant knew about these witnesses months ago and knew that they would provide key testimony. When the witnesses were deposed during discovery the Defendant could have deposed them as if they would be unavailable for trial. Although Defendant argues that permitting the depositions will assist the court at trial because it will allow for a more streamlined deposition transcript for the court to follow at trial, the court is not convinced that this is reason enough to grant the motion.

### III. CONCLUSION

For the reasons set forth herein, Defendant's Motion for Leave to Take Preservation Depositions in Lieu of Trial Testimony is **DENIED**. As noted previously in its June 7, 2010 Order, the court prefers at trial that there be in court witness testimony during the trial. The Defendant has not shown to this court that its witnesses are "unavailable" to attend the trial.

**SO ORDERED**.



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Aug 05, 2010**